THOMAS POWERS, APPELLEE, V. FRANK BOHUSLAV, APPELLANT.

FILED APRIL 13, 1909.    No. 15,594.

1. Appeal: FINDINGS. A finding of the district court based on conflicting evidence in a law action will not be disturbed on appeal unless such finding is manifestly wrong.

2. Broker's Contract: DESCRIPTION. A broker's contract for the sale of land is not void for uncertainty of description, if the contract contains data from which the land may be identified and ascertained with certainty.

3. Estoppel. Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot after litigation has begun change his ground and put his conduct upon another and different consideration. He is not permitted thus to mend his hold.

APPEAL from the district court for Butler county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*Matt Miller* and *Hall, Woods & Pound,* for appellant.

*Skiles & Harris* and *E. J. Lambe, contra.*

GOOD, C.

Plaintiff sued on a written brokerage contract to recover a commission for finding a purchaser ready, able and willing to buy defendant's land at the price and on the terms mentioned in the contract. Defendant denied the execution of the contract, and averred that he had, at plaintiff's request, signed a paper which was a printed blank of some kind, but that none of the blank spaces in the printed form were filled out; that defendant was not able to read English, and that he believed the paper signed was for plaintiff to use to show that he had a right to sell the land. The reply was a general denial. A jury was waived and a trial had to the court, which resulted in a judgment for plaintiff, from which defendant has appealed.

It is insisted that the court erred in finding that defendant executed the contract in question. The evidence is in conflict as to whether the blanks in the contract were filled in before or after it was signed by defendant, and as to whether it contains the agreement and understanding of the parties. The rule is well settled in this state that the verdict of a jury based on conflicting evidence will not be disturbed on appeal. A finding of the district court on a question of fact in a law action is entitled to the same force and effect as the verdict of a jury, and it will not be disturbed on appeal unless it is manifestly wrong. From an examination of the record it appears that the findings of the court accord with the weight of the evidence.

Defendant contends that the contract is void for uncertainty of description, and because it does not contain

a description of the land to be sold as required by section 10856, Ann. St. 1907. The material part of the contact is as follows: "Farm owned by *Frank Bohuslav*. For sale by *Thos. Powers*, Ulysses, Neb. Total number of acres, *120 acres S. $\frac{1}{2}$ N. W. $\frac{1}{4}$ W.*, Qr. Sec. *27*, Tp. *4*, R. *14*, County, *Butler*. State, *Nebr*. Total number of acres to grass—tame *4*, Prairie *27*. Buildings, *house and barn*. Fences—kind *3 wires*. How watered, *well*. Orchard *57*. Distance to Railroad Depot, *3$\frac{1}{4}$*. Distance to Postoffice and name of same, *Brainard*, Church, *3$\frac{1}{4}$*. Title, *two hundred*. Encumbrance—when due, etc. Nov. 16, 1905. Lowest price and terms of sale. *Fifty dollars per acre, three hundred cash. Three thousand. 25 day February 1906. Balance five years at five percent.* I hereby place the above described property in the hands of *Thos. Powers* for the period of *25 February, 1906,* and authorize him to negotiate its sale at the price stated above, for which I agree to pay a commission of *two percent.* if sale is effected directly or indirectly by *Thos. Powers* or owner or agent. If not notified thirty days prior to contract, said contract shall be in full force. (Signed) *Frank Bohuslav, Thos. Powers.'* Ulysses, Neb. *May 30, 1905.*" The contract is partly printed and partly written. The italics represent that portion of the contract which is in writing.

The plaintiff pleads, and the evidence shows, that the land intended by the parties to be described was the south $\frac{1}{2}$ of the northwest $\frac{1}{4}$ and the northeast $\frac{1}{4}$ of the southwest $\frac{1}{4}$ of section 27, in township 14 north, range 4 east, in Butler county. The description in the contract is township 4, range 14, which is an impossible description, for no such town and range exist in Butler county, but township 14, range 4, do exist in Butler county. The correct township number was inserted in the space intended for the range number, and the correct range number was inserted in the space intended for the township number. That this reversal of numbers of the township and range was a mere clerical error is patent. From that part of

the contract alone where part of the section is sought to be described by government subdivisions, it would be impossible to tell with precision what 120 acres in section 27 was intended, and, if there was nothing further in the contract by which the identity of the land could be ascertained, defendant's contention would have great weight and force; but we find the land further referred to therein as being a farm owned by the defendant, containing 120 acres; that it is located in section 27; that it is distant from Brainard 3¼ (miles); that there is on the premises a house and barn, a three-wire fence, an orchard of 57 (trees), and a well, and that it is incumbered for $200. The evidence shows that the defendant had for many years lived upon the land; that it was located 3¼ miles from Brainard, and that he owned no other land in Butler county. The parties were at defendant's home on the land when the contract was signed. There can be no possible doubt that both parties intended to have the contract describe the defendant's land.

Can it be said, under these circumstances, that the contract does not describe the land to be sold or that it is void for uncertainty? In an action to recover commission for sale of real estate, this court has held that the contract might be established by letters, and, if the letters contain data from which a description of the land placed with the agent for sale or barter can be ascertained with certainty, the contract will be enforced. *Holliday v. Mc-Williams*, 76 Neb. 324. In that case there was no accurate description of the land contained in the letters. The farm was described as located three miles from the county seat (Columbus), as fenced and cross-fenced, 200 acres under cultivation, 160 acres in hay, mostly alfalfa, and the remainder in pasture, 517 70-100 acres according to government patent, and that by accretions from the river there were really 530 acres. It was held that from this data and the county records the land could be identified and a specific description ascertained. In *Ruzicka v. Hotovy*, 72 Neb. 589, specific performance of a con-

tract for the sale of real estate was enforced where the land was described as "¼ Sc. 7, T. 13, R. 4." It was there said: "A memorandum of a contract of sale which fails to specify which quarter of a named section of land is intended, and states the number of the range without specifying whether it is east or west, is not void under the statute of frauds for uncertainty in description, if the description is otherwise specific, and the land intended can be identified from the description with the aid of parol evidence." *Ballou v. Sherwood*, 32 Neb. 666, was an action for the specific performance of a contract, wherein one parcel of land was described as "twenty acres adjoining Cote Brilliante, Douglas county." Another parcel was described as "lot 14, B 5, and lot 11 B. 2, Boggs and Hill's addition to Omaha." It was held proper to permit plaintiff to prove by parol testimony that Cote Brilliante was an addition to the city of Omaha, that defendants owned a twenty-acre tract near said addition, and to prove the correct description thereof, and also to prove that Boggs & Hill's addition to Omaha meant Boggs & Hill's Second addition to Omaha, and that the word "Second" was omitted by mistake. *Adams v. Thompson*, 28 Neb. 53, also was an action to enforce specific performance of a contract for the conveyance of real estate, wherein the land was described as "Five a. MacShane's Sub." The court held that it was proper to prove by parol testimony that defendant owned five acres in MacShane's subdivision and to identify it as the land referred to in the contract. From a consideration of the foregoing authorities, we are of the opinion that the contract is not void for uncertainty, for it contains such data and reference to the land that its identity can be ascertained and established with certainty. This meets the requirements of the law.

Defendant insists that plaintiff has not complied with the contract by finding a purchaser who is willing to take the land upon the terms contained in the contract. The precise point made is that the purchaser was willing to

pay $300 cash and all the remainder of the purchase price on February 25, 1906, when the deed was to be delivered, instead of leaving $2,700 of the purchase price as a deferred payment to draw interest at the rate of 5 per cent. per annum for five years. The evidence shows that defendant, when informed by plaintiff that a purchaser was ready and willing to buy the farm and pay the consideration stipulated for, refused to make the conveyance, not on account of the manner in which the purchase price was to be paid, but because defendant was unwilling to sell the land at $50 an acre. He refused to make a conveyance unless the purchaser would pay $55 an acre. The defendant's refusal was not based upon the ground that $2,700 of the purchase price should draw interest at 5 per cent. for five years before it was paid. It is a well-established principle of law that, where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot after litigation has begun change his ground and put his conduct upon another and different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law. *Railway Co. v. McCarthy*, 96 U. S. 258. See, also, *Stanton v. Barnes*, 72 Kan. 541; *Donley v. Porter*, 119 Ia. 542; *McDermott v. Mahoney*, 106 N. W. (Ia.) 925; *Sandefur v. Hines*, 69 Kan. 168; *First State Bank v. Stephens Bros.*, 74 Neb. 616; *Frenzer v. Dufrene*, 58 Neb. 432; *Hixson Map Co. v. Nebraska Post Co.*, 5 Neb. (Unof.) 388. Defendant, having failed to object upon the ground that the purchaser was willing to pay all cash, instead of deferring a part of the purchase price, until after litigation was instituted, will not now be heard to make such defense.

We find no reversible error in the record, and therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.