GEORGE K. HOWELL, APPELLANT, v. MILTON B. NORTH, APPELLEE.

FILED MARCH 28, 1913.   No. 16,777.

1. **Brokers**: CONTRACT FOR SALE OF LAND: VALIDITY. A contract in writing made by a letter of proposal and an acceptance between the owner of real estate and a broker or agent, authorizing him to sell the owner's land at a stipulated price and upon certain terms as to payment, which fails to state the amount of the agent's commission, is void, if such contract is made and is to be performed in this state. *Danielson v. Goebel*, 71 Neb. 300.

2. ———: ———: PLEADING. When such a contract is made for the sale of land situated in the state of Colorado, which is to be performed in that state, a petition for the recovery of the agent's commission, which alleges the making of the contract and performance on the agent's part, and so much of the statutes of Colorado as shows that the contract is valid under the laws of that state, is not vulnerable to a general demurrer.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*Tibbets, Morey & Fuller, John A. McKenzie* and *Guy A. Cox,* for appellant.

*M. A. Hartigan, contra.*

HAMER, J.

This is an action to determine whether the plaintiff should recover a judgment based upon defendant's alleged promise by letter to pay a commission for the finding of a purchaser for real estate sold in Colorado. The defendant at Hastings, Nebraska, wrote a letter to the assignor of the plaintiff at Lincoln, Nebraska, describing the land, which is near Akron, Colorado, and stating the terms of sale and price, and that he was willing to "allow' a fair commission out of this." When the case was presented in the district court, the defendant called the attention of the court to the demurrer contained in his answer, and also demurred *ore tenus* to the petition, and

the demurrer was sustained and judgment rendered for the defendant. From this judgment the plaintiff appeals to this court.

It is contended that the facts will not support a judgment for the plaintiff, and section 10856, Ann. St. 1909, is quoted: "Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the. owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent."

The defendant sets forth the letter which he wrote to the plaintiff. This letter, among other things, provides that the writer will give until March 1 to sell at the price named. Attached to his letter is a plat of the 19 quarters of land proposed to be sold. On this letter, as appears by the copy in defendant's brief, is written the words: "Accepted, Jan. 10, '07, Conti. Realty Co. T. K." A copy of the letter, omitting the plat, is as follows: "Hastings, Neb. 1907. Continental Land Co., Lincoln, Neb. Gentlemen in reply to your of the 8 in regard to my ranch at Akron Colo. I hav 19 quarters all in a body & lays within a mile & a ¼ of Akron that is the north side of it & has a fair ranch house and stable for several horses & a shed for a 140 cattle and a good well & mill all fenced & cross fenced & about 60 acres of farm land, all this land lays very nice and my price is 6 dollars per acre one half cash & one fourth in One year & balance to two years at 6 per cent. Will low a fair comishen out of this. Will only give til March 1, to sel at this price the reanch is leased till november 1 next so if you care to take & try & sel it al rite I will make a smaul plat of it."

It is contended by the plaintiff that the only way by which the offer could be accepted was by the performance of its conditions; that is, finding a buyer for the land of the defendant at the price named and according to the terms designated. The petition contains a statement that

the assignor of the plaintiff, on the 14th of January, 1907, wrote and mailed to the defendant a letter as follows: "Omaha, Neb., Jan. 14, '07.  M. B. North, Hastings, Neb. —Dear Sir:  In reply to your letter of the 9th inst. addressed to our Lincoln office will say that we have a party for your 19 quarters S. W. of Akron, but Mr. Healey was just in our office and in talking over some other matters he incidentally mentioned that he had bought this land, paid for it, had a contract on record in Akron same having been recorded on the 7th day of this month.  We would like to sell it to our party but cannot conveniently do so if you have already sold it.  Kindly write me personally about the situation.  I want your letter to me awaiting me at the Akron hotel the first thing Wednesday morning.  Yours very truly, Continental Realty Company, By ——————, Pres."  That the Continental Realty Company, by and through its agent, Kharas, proceeded to Akron, Colorado, and there, on or about the 16th day of January, 1907, received from the defendant through the United States mail the following letter: "Hastings, Nebr., 1-15-07. Continental Realty Co.  Mr. Healey has got no contract whatever to sell my ranch, and I am very much surprised to hear of such a move that he has made, and I will prosecute him if he makes any attempt to sell my property.  He cannot have it for sale at any price now or at all, and as far as signing a contract I have not signed a contract with any one, nor will I give any one the exclusive right to sell it.  I will see if he gets around there, and I will have him looked after, as I have men there looking after my business.  So what Healey told about a contract is false.  Yours Resp.  M. B. North."

It is further alleged in the petition that on or about said date the said Kharas, as the agent of the said Continental Realty Company, at Akron, Colorado, sold said land to one George M. McCoid, and thereupon sent from Brush, Colorado, and caused to be delivered to the defendant, Milton B. North, the telegram of which the following is a copy:  "Brush, Colo. 5:15 P. M. 1-16-1907.

M. B. North, Hastings, Nebr. My buyer accepts offer in your letter of the 9th or will give five fifty all cash. Wire me acceptance at Mackham Hotel, Denver, or he will buy elsewhere. Theodore Kharas." Also that said McCoid was and is ready, willing and able to comply with the terms of said contract to be performed on his part, but the defendant, wholly disregarding the terms of said agreement, refused to comply with the same, and refused to pay the said company for their services in selling the land. Also, that on the ―――― day of ――――, 1907, the said company, for a valuable consideration, sold and assigned all their right, title, claim and demand in and to said claim and their cause of action against the defendant to the plaintiff, George K. Howell, who is now the owner and holder thereof, and that there is now due and owing from the defendant to the plaintiff the sum of $1,000 and interest on the same from the 1st day of February, 1907. Also, that the contract was understood by the parties to be performed in and governed by the laws of the state of Colorado, and that the law of the state of Colorado at that time was, and now is: "Where a landowner lists or enters into a contract with a real estate broker for the sale of his lands, the broker is entitled to recover his commission whenever he has procured a customer who is ready, able and willing to purchase the property at the price and upon the terms named by the landowner, even though said contract or listing was not in writing, and although no definite commission has been agreed upon."

When the defendant at Hastings, Nebraska, on the 15th of January, 1907, wrote to the Continental Realty Company at Akron, Colorado, that Mr. Healey had no contract to sell the ranch, and said that he was surprised to hear of Healey's move, and that he would prosecute Healey if he attempted to sell the property, and that Healey could not have the property for sale, and this letter was sent in response to the one written to North by the Continental Realty Company the day before, the defendant recognized the claim of the plaintiff to sell the land, and was inclined

to make the claim of the plaintiff exclusive by a proffer to prosecute Healey. It would seem that this letter was sufficient to justify the assignor of the plaintiff in the belief that the company was to go ahead with the sale. This was followed up by a wire from Brush, Colorado, on the 16th of January, to the defendant, to the effect that the buyer accepted the offer and would comply with it, or that he would give a less amount in cash. The telegram does not appear by the petition to have been answered. The offer made by the defendant with reference to the sale of the lands was represented and made for the second time in the state of Colorado, being first made in the state of Nebraska. This offer was likely to become a valid contract in Colorado by the performance of its conditions at that place. It would seem that the act made the offer a contract at the time when it was made and at the place where the act was to be performed. The act was to be performed out at Akron, Colorado, and it was to be performed concerning the subject of the contract which was then there. This contract would appear to be binding in any event whenever the plaintiff's assignor discovered a buyer and sold the land to him. Whatever may be the effect of the offer made in Nebraska, there can be no question about the effect of the offer and its acceptance when the purchaser was found in Colorado and the land was actually sold. The purpose of the statute was to protect landowners from the fictitious claims of real estate dealers who actually never sold the land they claimed to sell and never earned the commissions for which they were claimants, but it was never the intention of the legislature to protect the real estate owner against legitimate claims for services which he authorized in writing and which were honestly rendered. The facts alleged charge that plaintiff's assignor was the agent of the defendant to find a purchaser for the land. It was immaterial for what reason the sale failed. *Lunney v. Healey,* 56 Neb. 313; *Love v. Miller,* 53 Ind. 294; *Reasoner v. Yates,* 90 Neb. 757. There was a plat attached to the letter. The

description is sufficiently accurate. The rule is that, if the contract contains data from which the land may be identified and ascertained with certainty, that is enough. *Powers v. Bohuslav,* 84 Neb. 179.

The contract in this case is made for the sale of land situated in the state of Colorado, and the contract is to be performed in that state. The petition seeks to recover the agent's commission for work done in the state of Colorado. The statute of Colorado is shown by the petition. The contract does not seem to be in conflict with it. The contract is therefore valid under the laws of Colorado. It follows that a sufficient cause of action was stated in the petition. The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.

SEDGWICK, J., dissents.