JOHN SHOFF, APPELLEE, V. CHARLES C. ASH, APPELLANT.

FILED JANUARY 30, 1914.   No. 17,542.

1. **Appeal: REVIEW.** In the absence of a motion for a new trial in a law action, the only question to be considered on appeal is the sufficiency of the pleadings to sustain the judgment. *Lau v. Lindsey*, 3 Neb. (Unof.) 681.

2. **Brokers: COMMISSION: SUFFICIENCY OF PETITION.** The pleadings, examined and set out in the opinion, *held* sufficient to sustain the judgment.

3. ————: **CONTRACT: VALIDITY.** A contract sufficient to meet the requirements of the statute may be created by letters between the parties, and may be sufficient to create a contract between principal and agent for the sale of real estate though the same papers are not signed by both parties. *Holliday v. McWilliams*, 76 Neb. 324; *Bradley & Co. v. Bower*, 5 Neb. (Unof.) 542.

APPEAL from the district court for Fillmore county: LESLIE G. HURD, JUDGE. *Affirmed.*

*George H. Merten*, for appellant.

*Charles H. Sloan, Frank W. Sloan* and *J. J. Burke*, contra.

HAMER, J.

The action in this case was brought in the district court for Fillmore county to recover $80 commission for

the alleged sale of the E. 1-2 of the N. E. 1-4, of 30-8-3, west of the sixth P. M., in Fillmore county, Nebraska. No motion for a new trial was filed by appellant in the court below. The only question therefore for our consideration is the sufficiency of the pleadings to sustain the judgment. *Lau v. Lindsey*, 3 Neb. (Unof.) 681.

The petition alleges that the defendant on or about the 11th day of August, 1908, entered into a written contract with the plaintiff whereby the plaintiff agreed to find a purchaser for said land at the agreed price of $5,000, and the defendant agreed that the plaintiff should have as a commission for said services all over and above the said sum of $5,000 secured for said land. The petition shows that the contract consisted of four letters, the first of which was written by the plaintiff to the mother of the defendant in Lucerne county, Pennsylvania; that in the letter the plaintiff inquired of the mother of the defendant, Mrs. John Ash, the widow of John Ash, deceased, who was the owner of the land prior to his death, if it was for sale, and at what price, and offered to secure a purchaser if the price was satisfactory. That letter is not copied in the petition, but its substance is set out, and in response to it the defendant wrote a letter to the plaintiff, which reads, in substance: "As I got your letter that you wrote mother, as I am settling up father's estate, I will make you an offer to sell that eighty out there. You can have (all) over $5,000 you get for it. There is three other parties after it. They haven't set any price on it yet. Now I am buying the rest of the heirs out. I might move out on it myself. I remain Your friend, Charles C. Ash." The plaintiff wrote to the defendant accepting the terms of his letter, and the letter is copied into the petition as follows: "Grafton, Neb., Sept. 14, 1908. Mr. Chas. C. Ash, Wilkesbarre, Pa. Dear Sir: Your letter received this morning and I have sold your eighty for $5,000, the buyer to pay the commission. I have accepted $500 on the deal which is deposited at the Grafton State Bank for you. I inclose herewith contract which I have signed for you as agent, and also contract for you to sign

before some witness and return to me at once. Upon receipt of deed at the Grafton bank your money is ready if abstract is found satisfactory. Your very truly. John Shoff, Agent. $500 deposited at this bank as per above. The Grafton State Bank, M. I. Hall, Asst. Cashier." In reply to this letter the defendant wrote a letter which is copied into the petition and reads: "John Shoff, Dear Sir: I will try and answer your letter. I am sorry to tell you that before father died he gave a party an option on the place and I did not know it when I made you the offer. They are going to take for the offer that father made them. I would like you to had it, but the rest of the heirs want it the way father wanted it to go. I am coming out in a short time and will pay you for the trouble I have made you. Yours truly, C. C. Ash." In addition to the foregoing copies of letters there is the statement in the petition that in pursuance to said contract the plaintiff found a purchaser for said land for $5,080, and that said purchaser, H. R. Porter, was ready and willing to take said land at said price and deposited $500 in the Grafton State Bank as earnest money on said purchase; that said defendant refused to convey to said purchaser, but sold and conveyed said premises to Nicholas Rolfus, garnishee; that by reason of the premises the defendant became indebted to the plaintiff in the sum of $80 as a commission for finding said purchaser under said contract; that said sum is long past due and defendant refuses to pay the same. There was a prayer for judgment for $80 and interest and costs of suit. The defendant filed a general demurrer to the petition. The demurrer was overruled, and the defendant answered by a general denial. After the testimony was taken the plaintiff rested, and the defendant moved the court for judgment. The motion was overruled, and judgment was rendered for the plaintiff as prayed. From this judgment the defendant has appealed.

The defendant contends that the letters do not constitute a contract in writing as provided by section 2628,

Rev. St. 1913 (Comp. St. 1909, ch. 73, sec. 74) which reads: "Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent."

In *Holliday v. McWilliams*, 76 Neb. 324, it was held that the written contract required by this section might be evidenced by letters passing between the parties. In that case *Bradley & Co. v. Bower*, 5 Neb. (Unof.) 542, was cited with approval. In the last named case it was held that a contract sufficient to meet the requirements of the statute might be created by letters between the parties, and might be sufficient though the same papers were not signed by both parties.

In *Howell v. North*, 93 Neb. 505, it was said in the body of the opinion: "The purpose of the statute was to protect landowners from the fictitious claims of real estate dealers who actually never sold the land they claimed to sell and never earned the commissions for which they were claimants, but it was never the intention of the legislature to protect the real estate owner against legitimate claims for services which he authorized in writing and which were honestly rendered." This shows that the first objection is not well taken.

The second point is that there is no description of the land in the letters as required by the statute. The letter written to Shoff by the defendant shows that the defendant had received Shoff's first letter; the same being turned over to him by defendant's mother. In that letter the land was described. There is therefore no uncertainty about the land intended. There was only one tract of land.

The third objection is that there is no amount of money set forth to be paid to the agent in case he should sell the land. The letter to Shoff specifically stated that he could have all over $5,000 that he might get for the land. That

clearly meant that if he sold it for $5,080 the sum of $80 was to be his.   This disposes of that contention. .

We are unable to ascertain any sufficient reason for setting aside the judgment of the district court.   The judgment of the district court is right.   Judgment

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.