ALLIE W. PIERCE, APPELLEE, V. ANTOINETTE DOMON, APPELLANT.

FILED APRIL 3, 1915. No. 18045.

1. **Briefs** in this court should be prepared in accordance with rule 12 (94 Neb. XI), otherwise the court may refuse to consider them.

2. **Brokers: CONTRACT: VALIDITY.** When an oral contract is made with an agent for the sale of real estate upon commission, and after-

wards, in order to satisfy the requirements of section 2628, Rev. St. 1913, the contract is reduced to writing before suit is brought, such written contract furnishes the legal evidence necessary that the contract may be enforced.

3. ——— : ——— : PAROL EVIDENCE. Where it is claimed that such contract was signed by the defendant without knowledge of its contents, evidence of the oral contract previously made is admissible as tending to show the consideration for the writing and the probability that the signer knew its contents.

APPEAL from the district court for Valley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*A. Norman,* for appellant.

*Claude A. Davis,* contra.

LETTON, J.

Action by a real estate agent to recover a commission for the sale of land due him under the terms of a written contract. The answer was a general denial, with a a plea that defendant signed the written contract in ignorance of its contents. The jury found for plaintiff, and defendant appeals.

The testimony on behalf of plaintiff tends to prove that the defendant, in a conversation with him at her home, employed him as her agent to sell 70 acres of land; that on the same day he tried to make a sale of the land to one Steinwart, who did not then buy, but who a short time afterwards completed negotiations with the defendant herself. After they had reached an agreement, but before any papers were executed, plaintiff procured defendant to execute the written contract on the same terms as the oral one had been entered into. Defendant afterwards refused to comply with its terms and pay the stipulated commission.

The defendant denies that any oral agreement was entered into, and says that she signed the written contract under a misconception of its contents; that it was not read to her, and she could not read it on account of not having her glasses with her. But it was signed at the office of her

attorney in the presence of one of her granddaughters and husband, and after it had been read and an amendment made by her counsel, who testified that Mrs. Domon came to his office before plaintiff and talked to him about it.

The jury evidently believed the plaintiff's witnesses and found accordingly. There were only two material facts in dispute: (1) Whether plaintiff was ever employed to sell the land; (2) whether Mrs. Domon signed the written contract with knowledge of its contents. As to both of these questions the evidence supports the verdict.

It is difficult to tell what errors are relied upon for reversal, since the brief of defendant is not prepared in accordance with rule 12. The work of this court is expedited by an adherence to this rule, and the court may refuse to consider briefs not prepared in accordance therewith. But the brief and the record in this case are short, and will be considered as if the rule had been observed. It is said that, if the verdict is not supported by the evidence with respect to the oral contract, there is no evidence to support it, and it is argued that, if the appellant made the verbal contract, then she knowingly made the written one, but that, if she did not make the verbal contract and had never employed plaintiff to sell her land, then she would not knowingly enter into the written agreement. The conclusion is drawn that the whole case rests solely upon the oral testimony, and that this is inadmissible under the statute. The answer admits the execution of the written instrument, but denies that defendant knew she was signing a contract for the sale of land and to pay a commission. The evidence was admissible as tending to show that she executed the instrument with knowledge of its contents. The introduction of evidence did not follow the logical order, but this was not prejudicial, and does not seem to have been complained of at the trial.

The trial court instructed the jury, in substance, that the oral evidence was admitted only for its bearing upon the question of a consideration for the alleged written contract; that such a contract is unenforceable unless re-

Pierce v. Domon.

duced to writing, but that a verbal contract of this nature
is not contrary to public policy, and the parties may carry
it out if they wish, and in case it is reduced to writing
before suit is brought the object of the statute is fulfilled,
and the written contract becomes admissible in evidence
and may be enforced in a proper proceeding. This states
the law correctly. *Sheehy v. Fulton,* 38 Neb. 691. We
have said that the act of 1897 which requires a contract
of this nature to be in writing is virtually an extension
and enlargement of the statute of frauds, and that its ob-
ject is to prevent an obligation or liability from being im-
posed upon a defendant by false testimony. *Baker v. Gil-
lan,* 68 Neb. 368; *Covey v. Henry,* 71 Neb. 118. We have
also held that where a defendant, after receiving the ben-
efit of such services, executes a written promissory note in
payment thereof, the reason of the law is fulfilled, be-
cause his contract is established by his own signature.
*Mohr v. Rickgauer,* 82 Neb. 398. And so in this case, un-
less the defendant had signed the written instrument,
plaintiff would not have been in possession of legal evi-
dence with which to prove the existence of the contract;
but, having furnished by her own act the legal evidence
necessary, she placed plaintiff in a position to enforce the
remedy.

On the whole case, we are satisfied that the contract was
sufficiently proved by the written instrument, and that
the defendant would not have signed the same if she or her
attorney had not been advised of the contents of the paper.
We have found no error to the prejudice of defendant
either in the reception of evidence or in the instructions
to the jury.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.