JANSEN et al, Respondents, v. McNAMARA, Appellant.

(166 N. W. 630.)

(File No. 4260.   Opinion filed March 8, 1918.)

1. **Partnership—Claim Against Former Partner, New Firm's Member's Promise to Pay, Whether Binding on Firm.**

   A written agreement between a member of a former business partnership, by whom a bill of goods had been ordered for such firm, and a member of a successor firm, that the latter firm should pay the claim, is not binding upon the new firm.

2. **Statute of Frauds—New Firm's Promise to Pay Debt of Old— New Firm's Member's Signature as Witness to Contract, Knowledge of Contract, Effect, re Statute—Estoppel.**

   Assuming, without deciding, that a promise of a new firm to answer for debt of the old, would be one in compliance with Civ. Code, Sec. 1238, Subd. 2, requiring certain contracts to be in writing and signed, etc., held, that where a member of such new firm read and knew contents of a written agreement between his partner and a member of the old firm who had ordered the goods that were the source of the claim, which provided that the new firm should pay the debt, and who signed said contract as a witness, he thereby supplied the written evidence necessary to make the contract valid against the new firm, under Civ. Code, Sec. 1238, Subd. 2. being the Statute of Frauds applicable.

Appeal from Circuit Court, Tripp County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by J. I. Jansen, and Edward Haisch, co-partners as Jansen & Haisch, against J. M. McNamara; in which defendant counterclaims.   From a judgment for plaintiffs upon directed verdict, defendant appeals.   Reversed.

*E. O. Patterson,* for Appellant.

*J. L. Hannett,* for Respondents.

(1)   To point one of the opinion, Respondent cited: State v. Burns 25, S. D. 368; 2, Am. & Eng. Encl. of Practice, 814; North Star Boot & Shoe Co. v. Stebbins, 3, S. D., 540.

(2)   To point two of the opinion, Appellant cited: Equitable Loan & Security Company v. H. L. Lewman, 3 L. R. A. N. S. 879; Boyd v. Leifer, 77 Pac., 953.

GATES, J.   On December 18, 1910, the plaintiffs and the defendant were copartners doing a mercantile business at Carter, S. D., under the firm name of Jansen-McNamara Company.

On that date the defendant sold his one-fourth interest in the firm to plaintiff Haisch. The contract between them recited:

"All liabilities (of the old firm) to be deducted from said invoice and assumed by the new firm."

The new firm was Jansen & Haisch, these plaintiffs. A bill of goods that had been ordered by McNamara for the old firm was refused by the new firm. Action was brought thereon against Jansen & McNamara. Counsel appeared in defense of that action, but for some reason the appearance on behalf of McNamara was withdrawn without his direction, and judgment by default was entered against McNamara, which he paid. In this action, brought by these plaintiffs against him arising out of another transaction, the defendant sought to counterclaim the amount of the judgment paid by him. Verdict was directed for plaintiffs. Defendant appeals from the judgment entered thereon.

[1, 2] In support of the judgment it is urged that Haisch by his personal agreement with defendant could not bind the new firm. Of course, he could not. North Star B. & S. Co. v. Stebbins, 2 S. D. 74, 48 N. W. 833; Id., 3 S. D. 540, 54 N. W. 593. But he could bind the firm so far as he was concerned, and if Jansen assented to the agreement it would be binding on the new firm. It was alleged in defendant's counterclaim that said agreement was entered into with the knowledge and consent of Jansen. The new firm was a separate entity from the old firm. For the purpose of this case we assume, without deciding, that a promise of the new firm to answer for the debt of the old firm would be such a promise as is required to be in writing under the statute of frauds. Section 1238, C. C., subd. 2. The plaintiff Jansen testified that he read the contract and signed his name as a witness to it. In other words, he knew that the terms of the contract purported to obligate the new firm to assume the debts of the old. With such knowledge he placed his signature to the contract as a witness. We think he thereby supplied the written evidence necessary to make the contract valid as to the new firm under the statute of frauds, and that he is thereby estopped from claiming that said agreement was entered into without his knowledge and consent. Equitable Loan & Sec. Co. v. Lewman, 124 Ga. 190, 52 S. E. 599, 3 L. R. A.

·(N. S.) 879. As stated in the case note accompanying said last-named citation:

This "is in fact merely a specific application of the equitable principle that one who is silent when justice and fair dealing require him to speak, or who permits another to expend money in reliance upon a supposed state of facts which he knows does not exist, is precluded from thereafter asserting the right as to which he has kept silent."

We therefore are of the opinion that the trial court erred in directing a verdict for the plaintiffs.

The judgment is reversed.