BILLIE B. SVOBODA ET AL., APPELLANTS, V. RALPH O. DE WALD, APPELLEE.
68 N. W. 2d 178

Filed January 14, 1955. No. 33615.

*Robert B. Waring,* for appellants.

*W. O. Baldwin, Davis, Healey, Davies & Wilson,* and *Robert A. Barlow, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiffs seek to recover judgment on a contract for real estate commission. Issues were joined. At the beginning of the trial, the defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action for the reason that the relief sought was based on an oral contract within the statute of frauds. The trial

court sustained the objection. Plaintiffs elected not to plead over. The trial court dismissed the action. Plaintiffs appealed.

We reverse the judgment of the trial court and remand the cause for further proceedings.

In determining the question presented, we assume that all facts well pleaded and any reasonable intendments implied therefrom are true. We recite the facts pleaded by plaintiffs.

Plaintiffs are copartners engaged in the business of selling real and personal property at auction and the plaintiff Billie B. Svoboda is a licensed real estate broker.

On or about May 1, 1952, defendant was the owner of a quarter section of land in Jefferson County. He entered into an oral contract with the plaintiff Billie B. Svoboda whereby plaintiffs were to advertise and conduct the sale of the farm land, and plaintiffs were to pay all the expenses. If the farm did not sell for $20,000 or more, plaintiffs were to receive no compensation. If it sold for $20,000 or more, plaintiffs were to receive compensation of 2 percent of $20,000, together with all amounts over and above $20,000. Plaintiffs performed. The land was sold at auction for $23,150. Immediately thereafter plaintiffs, the defendant, and the purchaser entered into a contract in writing. Reference to the terms of that writing will be made later herein. The purchaser paid the purchase price and defendant conveyed the land to the purchaser. Plaintiffs seek to recover the amount due under the contract in the sum of $3,550 and interest.

The statute involved is: "Every contract for the sale of lands between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent. Such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." § 36-107, R. R. S. 1943.

This act is one of long standing. We have said that it is a virtual extension or enlargement of the statute of frauds, designed to prevent the bringing of actions which experience has shown were often conceived in fraud and maintained by perjury. Baker v. Gillan, 68 Neb. 368, 94 N. W. 615. We have also said with reference to this act: "Whenever a sale of real estate is effected through the efforts of the broker, or through information derived from him, so that he may be said to be the procuring cause of it, his services are regarded as highly meritorious and beneficial, and the law leans to that construction which will best secure the payment of his commission." Clark v. Davies, 88 Neb. 67, 129 N. W. 165.

We have also held: "The purpose of the statute was to protect landowners from the fictitious claims of real estate dealers who actually never sold the land they claimed to sell and never earned the commissions for which they were claimants, but it was never the intention of the legislature to protect the real estate owner against legitimate claims for services which he authorized in writing and which were honestly rendered." Howell v. North, 93 Neb. 505, 140 N. W. 779. See, also, Shoff v. Ash, 95 Neb. 255, 145 N. W. 271; Nelson v. Nelson, 95 Neb. 523, 145 N. W. 1004.

We have also held: "* * * a verbal contract of this nature is not contrary to public policy, and the parties may carry it out if they wish, and in case it is reduced to writing before suit is brought the object of the statute is fulfilled, * * *." Pierce v. Domon, 98 Neb. 120, 152 N. W. 299. In the syllabus it is said: "When an oral contract is made with an agent for the sale of real estate upon commission, and afterwards, in order to satisfy the requirements of section 2628, Rev. St. 1913, the contract is reduced to writing before suit is brought, such written contract furnishes the legal evidence necessary that the contract may be enforced."

We have also held (referring to the statute and Pierce

v. Domon, *supra*): "That section provides that every such contract of brokerage shall be void unless in writing. The word 'void' is so often used for 'voidable' that the case cited so construes it. In Riley v. Bancroft's Estate, 51 Neb. 864, the same construction was given to the word 'void' in section 2631, Rev. St. 1913. In the opinion Judge Irvine fully discusses the reason of the rule, and states that reason in the second paragraph of the syllabus: 'The object of the statute of frauds is to prevent frauds and perjuries, and, while certain contracts are by the terms of the statute declared void, the uniform construction placed upon the statute by the courts renders such contracts not void, but merely unenforceable for want of the evidence which the statute requires.'" Miles v. Lampe, 102 Neb. 619, 168 N. W. 640.

The defendant contends that even though the writing pleaded by plaintiffs is sufficient to take the case out of the prohibitions of section 36-107, R. R. S. 1943, nevertheless plaintiffs cannot prevail here because they undertake to recover under the "oral agreement."

Plaintiffs also alleged that they were entitled to have and recover judgment against the defendant in the sum of $3,550. We have held that: "The character of a cause of action is determined by the allegations of fact contained in the petition, unaffected by the conclusions of the pleader." Benson v. Walker, 157 Neb. 436, 59 N. W. 2d 739. In the syllabus it is said: "Under the code system of pleading, it is not necessary to state a cause of action or defense in any particular form. The facts are to be stated. All that the law requires is that there shall be a cause of action or defense."

Plaintiffs obviously pleaded a cause of action in reliance on the written agreement, which is attached to and incorporated in their petition. We find no merit in the contention.

The question here is: Is the writing sufficient to meet the requirements of the statute? Plaintiffs alleged that a contract in writing was entered into by the plaintiffs,

the defendant, and the purchaser. The writing consists of a Uniform Purchase Agreement whereby the purchaser agrees to buy. This is signed only by the purchaser and witnessed by Harvey W. Hess. This is followed by a receipt for the down payment. It is signed by the plaintiffs as "Agent" and witnessed by Mr. Hess.

This is followed by two separate paragraphs which are as follows:

"I (we) hereby accept the above purchaser's proposition on the terms above stated and agree to deliver and convey said premises and perform all the terms and conditions set forth.

"I (we) further agree to pay the above named agent the cash commission agreed upon in the amount of $3,550.00."

This is signed by the defendant, and toward the left-hand side below "Witness:" appears the signature "Bill B. Svoboda."

Defendant contends that this is not a contract between plaintiffs and defendant. With specific reference to this statute, we have held: "A contract sufficient to meet the requirements of the statute may be created by letters between the parties, and may be sufficient to create a contract between principal and agent for the sale of real estate though the same papers are not signed by both parties." Shoff v. Ash, *supra*. If such a contract can be created by letters, certainly it can be created by separate writings attached to each other.

Obviously the contract is in writing, which is one of the requirements of the act.

Is it subscribed by the owner of the land and the broker or agent? Concededly, the owner's signature is there and signed below the language above quoted. The signature of the broker is also there beneath the word "witness." Plaintiffs pleaded that they are parties to that contract. As a party, they signed the receipt for the down payment. As to the Uniform Purchase Agreement and the receipt for down payment, a disinterested

party appeared as a witness. The broker himself signed the third part of this instrument.

With reference to this statute, we have held: "The word 'subscribed' as used in section 74, ch. 73, Comp. St., 1905, relating to contracts between real estate brokers and landowners, is synonymous with the word 'signed.'

"The requirement of said section that the contract be 'subscribed' by both parties is met where the signatures of the parties are placed thereon, for the purpose of authenticating and giving force and effect to the contract, whether they be placed at the bottom, the top, or in the body of the instrument." Myers v. Moore, 78 Neb. 448, 110 N. W. 989. This holding has been approved as late as Sofio v. Glissman, 156 Neb. 610, 57 N. W. 2d 176.

With reference to the fact that the name of the broker is signed under the word "witness," the rule is: "The fact that the signature of the broker to the contract appears under the name of one who signed it as a witness is not entitled to serious consideration, where the evidence shows that the broker signed it as a binding contract." Felthauser v. Greeble, 100 Neb. 652, 160 N. W. 983. In the body of the opinion we said: "It is further contended that plaintiff only signed the brokerage contract as a witness, because his signature appears at the left-hand side of the agreement under the signature of I. F. Imm, who signed it as a witness. This contention is not entitled to serious consideration, where the evidence shows that plaintiff signed it as his contract."

We think it a fair inference from the facts recited above that the broker signed the paper as his contract. See Jansen v. McNamara, 40 S. D. 155, 166 N. W. 630.

Does the contract describe the land to be sold? Obviously, it does. The detailed legal description appears in the first paragraph of the Uniform Purchase Agreement over the signature of the purchaser. Directly over defendant's signature is his agreement to deliver and convey "said premises." The rule is that the requirements of the statute are met as to the description of the

land "if the contract contains data from which the land may be identified and ascertained with certainty." Powers v. Bohuslav, 84 Neb. 179, 120 N. W. 942. See, also, Howell v. North, 93 Neb. 505, 140 N. W. 779.

The description here meets the test of the statute.

Does the contract set forth the compensation to be allowed by the owner in case of a sale by the broker or agent? Obviously it does in this language over the signature of the defendant: "I (we) further agree to pay the above named agent the cash commission agreed upon in the amount of $3,550.00."

The contract pleaded meets the test of the statute. It follows that the trial court erred in sustaining the motion to dismiss.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.