Nettie M. BELL, Executrix of the Estate of George A. Bell, deceased, Plaintiff in Error,

v.

The UNITED FARM AGENCY, Inc., a Corporation, W. R. Daniels and LeOla Bowers, Defendants in Error.

No. 36752.

Supreme Court of Oklahoma.

Feb. 28, 1956.

Rehearing Denied April 17, 1956.

Cody Bain, Stigler, for plaintiff in error.

Pierce, Pierce & Brook, Muskogee, Guy Curry, Stigler, for defendants in error.

E. E. Thompson, Poteau, for defendant in error, W. R. Daniels.

CORN, Justice.

George A. Bell, a licensed realtor residing in Carlsbad, New Mexico, brought this action seeking to recover a portion of broker's commission received by defendants from a real estate transaction. Prior to judgment Bell died, but the action was revived by appropriate proceedings and the appeal is prosecuted by the executrix of the estate. The following matters sufficiently disclose the factual background out of which this appeal arose.

One Pixler, resident of New Mexico, had commissioned Bell to find him a ranch in the southwestern part of the United States. Defendants, who conducted a real estate business in Stigler, Oklahoma, advertised a certain ranch in Haskell county for sale. This advertisement came to plaintiff's attention and he communicated with defendants regarding probability of having a purchaser for the ranch; as a result thereof the parties mutually agreed that in consideration of plaintiff furnishing a purchaser defendants would pay plaintiff 25 percent of the commission received, in the event a sale was consummated. Plaintiff then brought Pixler to Stigler and negotiations between Pixler and defendants as brokers culminated in his purchase of the ranch for $85,000. Defendants received $8,500, commission, but thereafter they refused to pay plaintiff in accordance with the agreement.

Plaintiff's petition, alleging substantially the foregoing matters, was amended to show that plaintiff was neither a licensed real estate broker, nor salesman under Oklahoma statutes at the time the cause of action arose.

Numerous motions and separate pleas were filed on behalf of various defendants. There were other pleadings raising issues between the various defendants, based upon this transaction. Without digesting these at length, it is sufficient to state that existence of an unqualified contract was denied, and the pleadings tendered the issue that any agreement between these parties was conditioned upon plaintiff qualifying under Oklahoma law to participate in the transaction; that plaintiff was not a licensed real estate broker, and the alleged contract upon which he relied was contrary to applicable statutes, comprising the Real Estate License Act, 59 O.S.1951 § 831 et seq., and therefore was an unlawful contract.

Defendant Daniels filed motion for judgment on the pleadings against all parties, upon the grounds the amended petition affirmatively disclosed plaintiff was not a li-

censed real estate broker or salesman at the time the alleged cause of action arose. After having the matter under advisement the trial court rendered judgment upon the pleadings for defendants, upon the grounds plaintiff was not a licensed real estate broker or salesman; that judgment for plaintiff would be against public policy and would require defendants to violate a criminal statute by splitting (real estate commission) the fee.

In substance, plaintiff urges reversal of this judgment upon the grounds: (1) referring a purchaser to defendants did not constitute engaging in real estate business within purview of the Act, supra; (2) if such referral fell within the Act, same was an interstate transaction and so did not constitute doing business under the Act; (3) if such referral was not interstate commerce but fell within the Act, one isolated instance did not constitute doing business thereunder; (4) penal provision of the Act relative to sharing fees with an unlicensed person related only to those engaged in real estate business within the state, and do not affect transactions between resident and non-resident licensed brokers.

Defendants point out that the statutes, sections 832-833, define who are real estate brokers and salesmen; require those named to secure licenses, sections 836-837; prohibit dividing a fee or commission with any unlicensed person, section 854; and lays a penalty upon a licensed broker or salesman who divide a fee with an unlicensed individual, section 856. The argument is that the strict language of the statutes controls, and prohibits doing business with any person not licensed under the Act. And, defendants further urge that the circumstances of the present case are such as to preclude consideration of the question in the light of rules applicable to interstate commerce.

This court heretofore has not been called upon to construe or apply the statutes comprising the Real Estate License Act, nor is any question as to the constitutionality thereof presented by this appeal. It is of interest to note that such statutes have provided a fertile field of litigation in many other jurisdictions. The impossibility of reconciling the expression of different appellate courts, upon the questions arising under such statutes, may be seen by examination of the annotations in 86 A.L.R. 640, and 159 A.L.R. 266. However, we are of the opinion proper disposition of the question here presented may be accomplished by confining consideration of the matter within narrower limits than those suggested by the parties, or which appear from examination of cases from other jurisdictions.

This record discloses defendants had offered to sell to any one interested a particular ranch. In response to this offer plaintiff advised defendants he would send them a prospective purchaser, if defendants would agree to divide their commission with him in the event the sale was consummated. This was the agreement entered into between plaintiff in New Mexico and defendants in Oklahoma. Nothing remained to be done between the parties in order to settle their rights, in the event a sale was completed. The fact plaintiff came to Oklahoma with the prospective purchaser neither added to nor detracted from the agreement of the parties, since completion thereof depended entirely upon happening of the contingency—the sale of the property. The rights of these parties were established when the sale was completed. And, this would have been true even though plaintiff had remained in New Mexico at all times, rather than accompanying the purchaser to this state.

The defendants' argument is that the strict language of the statutes must be held to bar plaintiff from resorting to the courts of this state, in an effort to establish a right to the fruits of his bargain, because he did not hold the license required of real estate brokers, or salesmen, in this state. Thus we are required to ascertain the legislative intent in passage of the Act in an effort to settle this matter.

Such statutes have been considered by other courts. In Howell v. North, 93 Neb. 505, 140 N.W. 779, 780, it was said:

"The purpose of the statute was to protect landowners from the fictitious claims of real estate dealers who actually never sold the land they claimed to sell and never earned the commissions

for which they were claimants; but it was never the intention of the Legislature to protect the real estate owner against legitimate claims for services which he authorized in writing, and which were honestly rendered."

Although the quoted language relates to transactions between real estate dealers and property owners, no reason appears why the principle should not apply with equal force to transactions between brokers, or brokers and salesmen.

Defendants' position simply is that the license requirements of the Act must be strictly construed, and thereby provide a shield behind which they may take refuge from a claim arising out of an agreement freely entered into between parties dealing at arms length. This is tantamount to saying that the Act was intended to prohibit business by rendering void and unenforceable certain contracts and in this manner permit one party to profit at the expense of another. We are unable to conceive that the Legislature, either by reason or necessity, intended any such result when enacting the Real Estate License Act.

Two equally valid reasons make such conclusion inescapable. The obvious purpose of the Act in question was to protect the public from being forced to deal with dishonest or unscrupulous real estate operators, rather than to permit one party to gain an unconscionable advantage by avoiding a just obligation which he has contracted to pay. Courts will not follow the letter of a statute when it leads away from the real intent and purpose of the Legislature and to conclusions which are inconsistent with the general purpose of the act. See Hawkins v. Whayne, 198 Okl. 400, 179 P.2d 138.

The second reason for our conclusion is found in the fact that the Legislature, in 1953, saw fit to amend the Act by adding the following provision to section 852, which deals with licensing of non-residents. The amendment which now appears as 59 O.S. Supp.1953, § 852, provides:

"* * *. Provided, that a non-resident duly licensed in the State of his residence as a real estate broker or salesman may become associated with a licensed real estate broker in this State. As amended Laws 1953, p. 277, § 9."

Plaintiff's cause of action arose under and must be determined upon the basis of the statute prior to such amendment. However, it is apparent that, by enactment of the above quoted proviso, the Legislature plainly recognized the vice which inhered in the original Act, and took steps to remedy this. Prolonged discussion as to whether the Legislature, by enactment of the proviso, was altering the original Act or only seeking clarification thereof seems unnecessary. Already having concluded that the Legislature did not intend, by enactment of the original Act, the result contended for by defendants it must follow that the 1953 amendment was intended only to clarify the original legislative intent.

The judgment is reversed and the case remanded with directions to the trial court to set aside, and hold for naught, the judgment rendered on the pleadings, overrule the motion for judgment on the pleadings and proceed consistent with the views herein expressed.