PROFESSIONS AND OCCUPATIONS
Pursuant to 59 O.S. 1310 [59-1310](8) (1977) and 59 O.S. 1313 [59-1313](a) (1971), a licensed bail bondsman may not prepare a list of names of attorneys to be submitted by the bondsman to his client for the purpose of selection of counsel. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May a licensed bail bondsman provide names of attorneys to his clients, despite provisions of 59 O.S. 1310 [59-1310](8) (1977), if he does so in the form of a list of four or five (or twenty) ? The cited section enumerates acts, the commission of which may lead to denial, suspension, revocation, or refusal to renew a license issued under the bail bondsmen act, and includes: "(8) Recommending an attorney at law to handle the case in which the bail bondsman has caused a bond to be issued under the terms of this act." The same is also proscribed by 59 O.S. 1313 [59-1313](a) (1971): 59 O.S. 1313 [59-1313]. Prohibited acts. — No bail bondsman or runner shall: (a) Suggest or advise the employment of or name for employment any particular attorney to represent his principal. * * *" It is clear from reading the referenced sections that a particular evil was meant to be remedied, that is, a close relationship between bail bondsman and attorney, leading to cross-referrals of clients with all its attendant ethical considerations. Bearing in mind the evils intended to be avoided, we are bound to give a statute a sensible construction, AMF Tubescope Co. v. Hatchel, 547 P.2d 374
(Okl. 1976). Could these evils perceived by the legislature be remedied were the statute interpreted to permit a licensed bail bondsman the authority to prepare a list of names of attorneys for presentation to bonded clients? It should easily be seen that by proscribing the recommendation of a particular attorney, the legislature did not intend to permit recommendation of two particular attorneys, (or four, or five, or twenty). That which is within the reason, purpose and intention of a statute is as much a part of it as if it were within the letter of the legislative act, Bell v. United Farm Agency, Inc.,296 P.2d 149 (Okl. 1956). A collateral issue lends further emphasis to this interpretation of legislative intent. An in-depth reading of the act in question fails to reveal any requirement that the applicant for license, or the licensee be possessed of sufficient knowledge and experience to enable him to vouch for the proficiency of any particular group of attorneys insofar as representation in a particular case. Neither can the act be read granting bondsmen the authority to make such a representation to their clients. That which is within the manifest intention of the legislature as gathered from the statute itself may be read into a statute, but the statute should not be construed more broadly than its terms require, American-First Title and Trust Co. vs. First Federal Savings Loan Association of Coffeyville, Kansas,415 P.2d 930 (Okl. 1965). The terms of the instant statute do not require that we find authority, implied or otherwise, for bail bondsmen to hold themselves out as experts in evaluation of prospective counsel for bonded clients It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Pursuant to 59 O.S. 1310 [59-1310](8) (1977) and 59 O.S. 1313 [59-1313](a) (1971), a licensed bail bondsman may not prepare a list of names of attorneys to be submitted by the bondsman to his client for the purpose of selection of counsel. (H. LEE SCHMIDT) (ksg)