Dear Senate, Snyder
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Does 74 O.S. 841.10(E) (1988) prohibit employment agenciesfrom receiving a fee from job applicants referred to and placedwith state agencies?
¶ 1 The Oklahoma Personnel Act (the Act), 74 O.S. 840.1
(1988) et seq., was adopted by the Legislature in 1982, with the purpose as stated in 74 O.S. 840.2, as follows:
 It is the purpose of this act to protect the public from improper use of authority, to protect public officials and employees from unwarranted assaults on their integrity and to enforce the protections for classified employees and citizens under the Merit System of Personnel Administration. It is further the general purpose of this act to establish for the state a system to recruit, select, develop and maintain an effective and responsive work force; to provide for administrative flexibility and adequate and reasonable protection and security for those who have entered and will enter into the service of the state; to provide for the preservation and protection of the Merit System; and to provide policies and procedures for the selection, hiring, retention, advancement, career development, job classification, salary administration, discipline, discharge and other related activities, all in accordance with principles of merit and fitness and equal employment opportunity, and to maintain a high level of morale, motivation and productivity among state employees.
¶ 2 Title 74 O.S. 841.10(E) (1988) provides:
 No person shall, directly or indirectly, give, render, pay, offer, solicit or accept any money, service or other valuable consideration for or as a result of any appointment, proposed appointment, promotion or proposed promotion to or any advantage in, a position in the classified or unclassified service.
¶ 3 You ask if the prohibitions found in 74 O.S. 841.10(E) forbid contractual agreements between persons and private employment agencies where such agreements result in consideration being paid in return for job referrals of state employment opportunities.
¶ 4 The cardinal rule in statutory construction is to ascertain the intent of the Legislature. Central Liquor v. OklahomaAlcoholic Beverage Control Board, 640 P.2d 1351, 1354 (Okla. 1982). When seeking to determine legislative intent, the language of the act as a whole should be considered to preserve the remedial purposes of the statute and to avoid absurd results.Becknell v. State Industrial Court, 512 P.2d 1180, 1183 (Okla. 1973). See also, Okla. Journal Pub. Co. v. City of OklahomaCity, 620 P.2d 452, 454 (Okla.App. 1980).
¶ 5 By reviewing the entire Act together with the purposes expressed in 74 O.S. 840.2 of the Act, it is clear that 74O.S. 841.10 represents an effort by the Legislature to prohibit unethical and discriminatory practices in hiring in state government and receipt of kickbacks by government officials. When construing a statute, consideration must be given to the general purpose and design of the statute. See, City of Midwest City v.Harris, 561 P.2d 1357, 1358 (Okla. 1977). Construction may not create an absurd result or a result clearly beyond the meaning of the act. Bell v. United Farm Agency, Inc., 296 P.2d 149, 152
(Okla. 1956). In addition, construction of a statute must be guided by a sensible interpretation, bearing in mind the evil sought to be prohibited by the statute. AMF Tubescope Company v.Hatchel, 547 P.2d 374, 379 (Okla. 1976).
¶ 6 The Act was not intended to prohibit or inhibit the freedom of a prospective employee to enter into a bona fide contractual relationship to utilize the services of a private employment agency. A literal interpretation of 74 O.S. 841.10(E) prohibiting payment by employees of such contractual obligations in instances of bona fide employment actions by the State, would be an unreasonable result in light of the purposes of 74 O.S.841.10(E), which is clearly to prohibit profiteering by State officials at the expense of employees or the purchasing of jobs or promotions by employees. The opinion expressed herein is specifically limited to an individual contracting for the services of an employment agency and does not address the legality of state agency contracts with employment agencies.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that 74 O.S. 841.10(E) (1988), does not prohibitprivate employment agencies from receiving a fee from jobapplicants referred to and placed with state agencies.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS B. ALLEN ASSISTANT ATTORNEY GENERAL