JOHN H. PFEIFER, APPELLANT, V. SCOTTSBLUFF MORTGAGE LOAN COMPANY, APPELLEE.

FILED FEBRUARY 2, 1921. No. 21263.

Adverse Possession. When a fence is constructed as a boundary line fence between two properties, and where the parties claim ownership of the land up to the fence for the full statutory period and are not interrupted in their possession or control during that time, they will, by adverse possession, gain title to such land as may have been improperly inclosed with their own.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*L. L. Raymond,* for appellant.

*Morrow & Morrow, contra.*

FLANSBURG, J.

This action arose out of a dispute as to the boundary line between the northeast quarter and the southeast quarter of section 3, township 22, range 55, Scotts Bluff county, Nebraska. Plaintiff is the owner of the northeast quarter, and brought this action in ejectment to oust the defendant from a portion of the northeast quarter which had been inclosed by a fence with the southeast quarter. Defendant asserts, as a defense, adverse possession and estoppel. The verdict and judgment was in favor of the defendant, and the plaintiff appeals.

Plaintiff acquired the northeast quarter by purchase from John Fink in 1906. Fink had entered upon the land in 1886, or 1887. In 1890 he built a fence as a boundary line fence, lining it up with fences which were supposed to be the half-section line fences to the east and to the west of his land. The owner of the southeast quarter also recognized this as a division line fence and attached his north and south fences to it. In 1903 one Bouton purchased the southeast quarter, and at that time Fink pointed out to him the fence as being the division line between the two properties, and Bouton relied upon and purchased the southeast quarter upon the strength of that representation. The southeast quarter was not cultivated, but the northeast quarter was broken out and cultivated to this fence only, so that the line of division between the two properties was quite apparent. The north and south fences on the southeast quarter were maintained a few years only, but the division line fence remained until in 1905, about a year before Fink sold to the plaintiff. At the time of the sale to plaintiff, however, the division line fence had also been removed. The line between the two quarters was apparent at this time, and there were evidences as to where the fence had been standing. There is no evidence that Mr. Fink ever told plaintiff that this was a division line fence, nor is there evidence that plaintiff was ever informed of the representations that Fink had made to Bouton. In 1911 plaintiff rebuilt the fence upon the same line upon which it had been originally constructed, and the owner of the southeast quarter at that time agreed to pay one-half of the cost of construction. Plaintiff claims that, as the parties were uncertain of the true line of division, it was agreed that the fence, as then reconstructed, should be moved to the correct line when that should be ascertained. Plaintiff's testimony, that the parties so agreed to move the fence, is directly disputed.

It is quite clear from the testimony that, during the period of time that the property was held by Fink, the fence was maintained and recognized both by him and by

the owners of the southeast quarter as a division line fence. This continued for more than ten years—a sufficient time for the statute of limitations to run. And so far the testimony is not disputed. It is true that the southeast quarter was not cultivated to the fence, and no affirmative acts of ownership, aside from a general recognition of the boundary, are shown, but it is the established rule in this state that, when a fence is constructed as a boundary line fence between two properties, and where the parties claim ownership of the land up to the fence for the full statutory period and are not interrupted in their possession or control during that time, they will, by adverse possession, gain title to such land as may have been improperly inclosed with their own. *Carnahan v. Cummings, ante,* p. 337; *Krumm v. Pillard,* 104 Neb. 335; *Zweiner v. Vest,* 96 Neb. 399; *Andrews v. Hastings,* 85 Neb. 548.

It is further argued that the question of estoppel was improperly submitted to the jury. It is unnecessary to discuss that question, since, by undisputed testimony, the defendant was entitled to prevail upon the ground of adverse possession, and no prejudice could, in any event, have resulted through the instruction complained of.

For the reasons given, the judgment is

AFFIRMED.

LETTON, J., not having sat in the division hearing this case, did not participate.