ALBERT JOHNSTON ET AL., APPELLANTS, V. J. MARGARET ADEN, APPELLEE.

FILED FEBRUARY 15, 1923. No. 22187.

1. **Adverse Possession.** "When a fence is constructed as a boundary line fence between two properties, and where the parties claim ownership of the land up to the fence for the full statutory period and are not interrupted in their possession or control during that time, they will, by adverse possession, gain title to such land as may have been improperly inclosed with their own." *Pfeifer v. Scottsbluff Mortgage Loan Co.*, 105 Neb. 621.

2. **Appeal.** Rulings of the trial court on the admission or exclusion of evidence which are not prejudicially erroneous will not be disturbed on appeal.

3. **Trial: INSTRUCTIONS.** Instructions to the jury which correctly state the law when construed together will be held free from error, notwithstanding that a certain paragraph standing alone may be an incomplete exposition of the law applicable to the issues and the evidence.

APPEAL from the district court for Scotts Bluff county: BAYARD H. PAYNE, JUDGE. *Affirmed.*

*Olsen & Cottle* and *Mothersead & York,* for appellants.

*White & Heiss* and *Morrow & Morrow, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, ALDRICH and FLANSBURG, JJ., RAPER and TROUP, District Judges.

MORRISSEY, C. J.

This is an ejectment suit involving a strip of land containing 7.95 acres in the east half of the northeast quarter of section 3, township 21, range 55, in Scotts

Bluff county. Trial was had to a jury, and from a verdict and judgment in favor of defendant, plaintiff has appealed.

Plaintiff is the owner of the northeast quarter of the southeast quarter, and defendant the owner of lot 1 of the section mentioned. There is no dispute as to the chain of title of either tract of ground, nor is there any dispute as to the location of the monuments erected by the official surveyor when the land was originally surveyed. The controversy arises because of the fact that, by an error in the survey, instead of the tract containing 81.22 acres, as shown by the official field notes, it does contain 97.37 acres. The record of the survey shows that the northeast quarter of the southeast quarter, title to which rests in plaintiff, contains 40 acres, and lot 1, title to which rests in defendant, contains 41.22 acres. It is agreed by the parties that under the law, if no intervening rights or claims arose, the excess acreage would be divided between the two claimants proportionately according to the respective acreage of each tract as shown by the survey, thus giving to plaintiff as the owner of the northeast quarter of the southeast quarter a total acreage of 47.95, and giving to defendant as the owner of lot 1 a total acreage of 49.42 acres. The only land involved in this suit is the tract of 7.95 acres which would, under such division, have been attached to or incorporated in the southeast quarter of the northeast quarter.

When the original entrymen went upon their respective lands, it is claimed by defendant that, starting from an established monument on the south side of the quarter section, they measured north 80 rods and there established what they supposed to be the true line separating the northeast quarter of the southeast quarter from lot 1; that the respective entrymen, and their successors in interest, have during all the years from that time down to the bringing of this suit acquiesced in the establishment of such line and recognized it as the divid-

Johnston v. Aden.

ing line between their respective properties; that such acquiesence extended over a period of more than ten years immediately preceding the bringing of this action, and that plaintiff is, therefore, estopped to maintain this action; and that for more than the statutory period of ten years defendant was in the open, notorious, adverse possession under an absolute claim of right, and that such claim had ripened into a perfect title.

"When a fence is constructed as a boundary line fence between two properties, and where the parties claim ownership of the land up to the fence for the full statutory period and are not interrupted in their possession or control during that time, they will, by adverse possession, gain title to such land as may have been improperly inclosed with their own." *Pfeifer v. Scottsbluff Mortgage Loan Co.,* 105 Neb. 621.

Evidence was offered to support the claims of each party, and the court fully instructed the jury on the law applicable to the respective claims.

Complaint is made of the ruling of the court in sustaining an objection to an offer of proof calculated to show that, at the time plaintiff, Neeley, acquired title to the southeast quarter of the northeast quarter, his grantor made no representations whatever relative to the location of the boundary line between the property the witness was acquiring and the property held by defendant; but there was no attempt to prove that the witness did not, in fact, have knowledge of the line that had been recognized by the respective owners of the property. If he had such knowledge, it would be entirely immaterial whether it was acquired from anything said by his grantor or otherwise. We find no prejudicial error in the ruling, or in the other rulings on the admission or exclusion of evidence.

Exceptions were taken to a number of the instructions given. The court instructed the jury upon every question that he thought would aid them in arriving at a correct conclusion. In doing this he did not undertake to cover

the whole law of the case in a single paragraph, but expressly advised them that such was not his purpose, and directed them that the whole charge' must be read together; and, from a consideration of the entire charge, we reach the conclusion that the disputed questions of fact on which the respective parties relied were fairly submitted to the jury, and that the verdict returned has ample evidence in the record to support it, and the judgment is

AFFIRMED.