CARTER, J., and WILLIAM A. DAY, District Judge, dissent.

WILLIAM A. ROMINE, APPELLANT, V. SAMUEL A. WEST, APPELLEE.

278 N. W. 490

FILED MARCH 18, 1938. No. 30256.

*Cordeal, Colfer & Russell,* for appellant.

*Butler & James* and *J. F. Ratcliff, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

This is an action in ejectment to recover a strip of land between two owners of adjoining real estate in Hitchcock county. The case was tried to a court and jury which, on February 10, 1937, rendered a verdict in favor of West. Romine, the instigator of the action, appeals to this court.

The appellant is the owner of the southwest quarter of the southeast quarter of section 4, in township 4 north of range 35 west of the sixth P. M. in Hitchcock county, Nebraska. Title was acquired by him from the former owner by warranty deed dated September 12, 1935, and recorded October 17, 1935. The appellee, West, is the owner by virtue of a deed dated August 31, 1926, delivered March 1, 1927, and recorded March 10, 1927, of the south half of the southwest quarter.of section 4. This is a boundary dispute wherein each of the two adjoining landowners claims a strip 77 feet wide at the north end and 88 feet wide at the south end.

Romine acquired the tract in section 4, heretofore described in detail, about September 12, 1935. Prior thereto, and at Romine's request, Barnes, a deputy state surveyor, made a survey of other lands which threw some doubt upon the correctness of the boundary line in dispute. Within a month after the acquisition of this tract, Romine requested the state surveyor to make an examination of this tract, and within three months started this action.

The evidence is in dispute as to certain questions, but was submitted to a jury which determined these questions. It appears that it was fairly established by the record that, at the time appellant, Romine, purchased this land in 1935, there was a fence on the west side of the land, and

on the east side of the land owned by West. This fence was the boundary line between the two tracts at that time. Romine knew about this fence, and knew that defendant's land had been farmed and cultivated from 1917 or 1918 to a point 22 feet from the fence, leaving just enough space for a turn row, and the land he purchased had been farmed and cultivated to a point 8 feet from the fence since that time. The appellant, Romine, purchased his tract from Hochstettler, who testified that he was familiar with the boundary lines, and that they had not been changed during that period. He stated that there had been fences on the boundary line during the last 15 or 18 years, and that the location had never been changed; that he recognized the fence line as being the true boundary line; that he last visited the land in October, 1935, and the line fence was there in the same place that it had been during the years of his ownership of the land; that there had never been any claim made to him, while he owned the land, that the fence line was not the true line between the two properties.

Egle testified that he was acquainted with the Romine land, and that as a tenant of Hochstettler he farmed the land from 1915 to 1933; that he built the fence on the west side in October, 1918, by putting more posts between telephone posts on the supposed boundary line. The telephone line was built in 1907 or 1908, and seemed to be in perfect alignment with the place north of it.

Other witnesses testified, and their testimony is not sharply in conflict with this except as to details. The appellant complains that the adverse possession was based on a claim of right. The burden, of course, is upon the plaintiff (appellant), and he relied largely upon the recent survey to establish the boundary line between the parties. The defendant (appellee) claimed title by virtue of adverse possession. He effectually established that he had been in possession of this land in dispute since 1918, and that if the true boundary were otherwise there had been no realization of the fact since 1908.

A thorough annotator states: "The rule has been an-

nounced and reiterated that, where the owners of adjoining land occupy their respective premises up to a certain line, which they mutually recognize and acquiesce in as the boundary line for a long period of time,—usually the time prescribed by the statute of limitations,—they and their grantees are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one, although such line may not be in fact the true line according to the calls of their deeds." 69 A. L. R. 1491.

Another competent commentator says: "It is very generally held, however, that where the recognition and acquiescence have continued beyond the period fixed by the statute of limitations the presumption becomes conclusive, irrespective of the correctness of the boundary acquiesced in." 9 C. J. 245.

And again the same authority says: "Lines and corners long recognized and acquiesced in by adjoining owners will control courses and distances called for in their title deed or grants in case of conflict." 9 C. J. 247.

The rule long established in this jurisdiction is that where a boundary, supposed to be the true line established by the government survey, is acquiesced in by the adjoining owners for more than ten years, it is conclusive of the location. See *Clark v. Thornburg,* 66 Neb. 717, 92 N. W. 1056; *Pfeifer v. Scottsbluff Mortgage Loan Co.,* 105 Neb. 621, 181 N. W. 533; *Johnston v. Aden,* 109 Neb. 625, 192 N. W. 220.

The only question involved in the case is whether the appellee (defendant) holds title by adverse possession. The case is controlled by the rule of law announced. We have noticed, but not seriously considered, the contention that, in order to have adverse possession, the present owner of the land in the southwest quarter must tack his adverse possession to a former owner who held adversely, and this cannot be done because the deed of conveyance described only the land according to the government survey. The boundary between the two tracts should not be disturbed after an acquiescence of more than the statutory period.

AFFIRMED.