HOWARD KENNEDY III, TRUSTEE, ET AL., APPELLANTS, V. HERBERT E. GOTTSCHALK, APPELLEE.

295 N. W. 813

FILED JANUARY 10, 1941.   No. 30910.

*Victor Westermark*, for appellants.

*Butler, James & McCarl, Leon L. Hines* and *Daniel E. Owens, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

KROGER, District Judge.

This case involves a boundary line dispute. Plaintiffs-appellants are the owner and tenant in possession of the northeast quarter of section 10, township 1, range 36 west,

Dundy county, Nebraska, the same having been home-steaded by the plaintiff Crow about 1898, and later title was acquired by Howard Kennedy, trustee, and Crow is now in possession as tenant. Defendant-appellee is the owner of the northwest quarter of section 11, in said township and range, having acquired same by purchase from Stull Brothers in 1930. A county road runs north and south between the sections. Defendant claimed the dividing line between said sections was some 300 feet west of the county road and attempted to erect a fence along what he contends is the boundary line. Plaintiffs filed a petition to enjoin defendant from trespassing on any of the land west of the county road and defendant filed a cross-petition asking the court to establish the boundary line under the provisions of section 34-301, Comp. St. 1929. From a judgment establishing the boundary line approximately where defendant claimed it to be, plaintiffs appeal.

Plaintiffs contend, first, that the road was the true boundary line according to the original government survey, second, that the road had been established as the boundary line by acquiescence for a long period of years, and, third, that plaintiffs had obtained title to all land west of the county road by adverse possession.

While there is evidence in the record to the effect that a stone, such as was used by government surveyors in marking section corners, was at one time in the center of the county road where it is now located, the overwhelming weight of evidence is that the true section corner was some 16 to 20 rods west of the county road where it intersects the north line of sections 10 and 11. In addition to the testimony of witnesses that a stone, such as was used by the government surveyors in marking corners, was at a point some 300 feet west of the county road, there were three separate surveys offered in evidence, all of which were in close agreement, and all of which found the true corner to be approximately where the court found it to be. Then, too, the road itself forms an ox-bow as it passes through sections 10 and 11 and is not in line with the section lines

to the north and to the south, whereas the line as established by the trial court is in alignment with the section lines to the south and north. While the evidence as to its location was conflicting, the weight of the evidence was in favor of the location established by the trial court.

On the question of acquiescence, the record discloses that the northwest quarter of section 11 was, for a long period of years, owned by Stull Brothers of Omaha, Nebraska, and that they, from about 1906 on until 1930, had leased said land to the plaintiff Crow. The record also discloses that Stull Brothers never personally visited the land, but that the leases executed by plaintiff Crow and Stull Brothers covered all of the northwest quarter of section 11; that, beginning with the year 1913, one Druliner looked after the renting of this land as agent for Stull Brothers, and Druliner testified that the question of the boundary between the Stull and Crow land was never discussed, but that he assumed it was the county road. So far as the record discloses, the rental of the Stull land was on a cash basis. Upon this state of facts, defendant contends, on the authority of *Romine v. West,* 134 Neb. 274, 278 N. W. 490, and earlier Nebraska cases, that the county road had been established as the boundary line by acquiescence. In the cases relied upon by plaintiffs, the respective owners had, by their conduct, shown an acceptance of a given boundary line as the true boundary line and, where such mutual acceptance had continued for more than ten years, this court held that the boundary thus became established and could not be altered. In the instant case, there is no evidence of any agreement that the county road should constitute the boundary, and in fact there is no evidence that Stull Brothers, the then owners, had accepted or acquiesced in any given point as the boundary line. It is true that their agent testified that he assumed the road was the boundary line, but he further stated that the matter was never discussed by him with any one and there was never any question raised about it. Neither was there any conduct on the part of the owners or their agent which would indicate that they

accepted the road as the dividing line. They rented the quarter-section as one tract. Nearly all of it was in pasture. There was no overt act on their part that would indicate a recognition of the road as a dividing line.

Under the facts of this case, the trial court did not err in finding that the boundary line had not been established by mutual agreement or acquiescence.

This leaves the question of adverse possession upon which the plaintiffs rely. The record discloses that some time before 1917, but considerably after the original lease which was executed in about 1906, the plaintiff Crow built a fence along the west side of the county road from the half section line north to a point some 60 rods south of the north section line, and that part of said strip was in hog lot and the balance was farmed, being planted mostly to corn. In addition, he placed some improvements on the disputed strip of ground, consisting of hog sheds. This evidence is not disputed and, on the strength of same, plaintiffs contend that they have acquired title by adverse possession. The question thus raised has been determined adversely to the plaintiffs in a number of decisions of this court. See *Reed v. Wellman,* 110 Neb. 166, 193 N. W. 261, and cases therein cited. The basis of these decisions is that one who has taken possession of real estate as tenant of another cannot hold said real estate adversely to his lessor until he surrenders possession or, by some unequivocal act, notifies the landlord that he no longer holds under the lease. The plaintiff Crow did nothing to indicate that he was claiming any of the land belonging to Stull Brothers prior to his becoming their tenant; while he was in possession as tenant there was nothing done by him that was inconsistent with his position and rights as lessee, and, since surrendering his lease, not enough time has elapsed to give him title by adverse possession, the record disclosing that the last lease terminated in 1931.

Finding no error in the record, the judgment of the trial court is

AFFIRMED.