MID-CONTINENT PROPERTIES, INC., A CORPORATION, APPELLANT, V. FRANK A. PFLUG ET AL., APPELLEES.

249 N. W. 2d 476

Filed January 19, 1977. No. 40794.

William E. Pfeiffer of Spielhagen, Spielhagen & Pfeiffer, for appellant.

Jay L. Welch of Rickerson & Welch, for appellees.

Heard before WHITE. C. J., SPENCER. BOSLAUGH, McCOWN, NEWTON. CLINTON, and BRODKEY. JJ.

NEWTON, J.

This is an action by a real estate broker to recover a commission on the sale of real estate. The action was dismissed on the ground that the statute of limitations had run. We reverse the judgment of the District Court.

Plaintiff, a licensed real estate broker, negotiated a sale of defendants' property to Dowd Grain Company, Inc. Apparently plaintiff did not have a written broker's contract with defendants, but in the contract of sale executed by defendants and Dowd Grain Company, Inc., a provision was inserted as follows: "Sellers agree to pay Mid-Continent Properties, Inc. a commission of Five Per Cent (5%) computed on the total purchase price, but no commission is to be paid until sellers receive the $75,000.00 first payment from buyers." The contract was executed by vendor and vendee on June 17, 1970. The consideration was $300,000, payable $2,000 down,

$73,000 on June 15, 1971, and the balance in three equal annual installments. A dispute arose and was resolved by an action for specific performance. Decree of this court was entered for vendee April 10, 1975, and, meantime, vendee had made timely tender of all payments falling due. See Dowd Grain Co., Inc. v. Pflug, 193 Neb. 483, 227 N. W. 2d 610.

Plaintiff has brought this action as a third-party beneficiary under the contract above described but was not otherwise a party to it. The action is one on a written contract and may be brought within 5 years. See § 25-205, R. R. S. 1943. Whether the cause of action be deemed to have accrued on June 17, 1970, or on June 15, 1971, when the first $75,000 installment was due under the contract, it having been commenced on June 13, 1975, it was brought within the 5-year period and is not barred by the statute of limitations.

A second problem presented arises under the terms of section 36-107, R. R. S. 1943. The contract complied fully with the requirements of this section except that it was not signed by the broker, plaintiff herein. Since plaintiff was a third-party beneficiary, we deem the statute inapplicable. In Mohr v. Rickgauer, 82 Neb. 398, 117 N. W. 950, this court held that although an oral promise to pay a broker's commission on a sale of real estate was unenforceable, it constitutes a sufficient consideration to support a promissory note given in payment of the commission. The court stated: "The object of the statute is, as we have seen, to prevent frauds and perjuries; and, while certain contracts are by the terms thereof declared void, the uniform construction placed upon the statute by the courts renders it not void, but merely unenforceable." See, also, Morrison v. Gosnell, 84 Neb. 275, 121 N. W. 236.

In Pierce v. Domon, 98 Neb. 120, 152 N. W. 299, it was held that present section 36-107, R. R. S. 1943, is simply an extension of the statute of frauds having as its object the prevention of recovery by false testimony

and that where a written contract was entered into after the sale was entered into, the reason for the law had been fulfilled.

In Svoboda v. De Wald, 159 Neb. 594, 68 N. W. 2d 178, it was held that an oral contract with a broker for the sale of real estate was not against public policy and could be carried out by the parties; and when it is reduced to writing before suit is brought, the object of the statute is fulfilled. The court stated: " 'The object of the statute of frauds is to prevent frauds and perjuries, and, while certain contracts are by the terms of the statute declared void, the uniform construction placed upon the statute by the courts renders such contracts not void, but merely unenforceable for want of the evidence which the statute requires.' "

In this case we deal with a contract which complies with all the requirements of the statute save for the lack of the broker's signature. It is not a direct contract between broker and landowner, such as the statute contemplates, but a contract in which the broker is a third-party beneficiary. Clearly and indisputably there was an understanding between the broker and the landowner for the commission sought to be recovered. No reliance on oral testimony is required; the agreement is definitely established and the object of the statute of frauds complied with.

In its petition plaintiff alleges that the original contract has been superseded, presumably since resolution of the action for specific performance, by a later agreement between vendor and vendee which failed to provide for plaintiff's commission. "* * * the principal parties to a third-party creditor-beneficiary contract can rescind the contract or release one another from their obligations thereunder to the creditor-beneficiary if the rescission or release precedes the creditor-beneficiary's acceptance of the contract or change of position in reliance thereon." 97 A. L. R. 2d 1266. See, also, Annotation, 97 A. L. R. 2d 1262.

Since the District Court acted on a demurrer or motion and no evidence was taken pertaining to plaintiff's acceptance of the contract or change of position in reliance thereon, this judgment must be reversed and the cause remanded with directions for a new trial to resolve the question.

REVERSED AND REMANDED WITH
DIRECTIONS FOR NEW TRIAL.