LOUIS WEINER, APPELLANT, V. THEODORE HAZER ET AL.,
APPELLEES.
430 N.W.2d 269

Filed October 7, 1988.   No. 86-669.

Walter M. Calinger for appellant.

S. J. Albracht for appellees.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D. J., Retired.

SHANAHAN, J.

Cheri Weiner, personal representative of the estate of Louis Weiner, deceased, appeals from the order of the district court for Douglas County, sustaining a demurrer and dismissing Weiner's petition with prejudice. The court found that Weiner's claim for a real estate commission was unenforceable as the result of failure to satisfy Neb. Rev. Stat. § 36-107 (Reissue 1984):

> Every contract for the sale of lands between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent. Such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in

case of sale by the broker or agent.

Weiner's petition alleged that sometime in 1980 the defendants offered for sale certain real estate in Omaha, asking $1.8 million for the property. In November 1980, Weiner, a licensed real estate broker, presented to Theodore Hazer, agent for all other defendants, a purchase offer of $1.8 million for the property. Hazer assured Weiner that the usual 6-percent broker's commission would be paid when the transaction was closed, but, for some unexplained reason, the sale was never consummated.

After the first sale fell through, Weiner continued to seek a buyer for the property and subsequently found buyer, who submitted a written offer of $1.8 million for the land. Hazer assured Weiner that the "usual commission" would be paid. Weiner received a $10,000 earnest money deposit by the buyer for the sale, and then gave Hazer the buyer's written offer to purchase the property. Hazer conditionally accepted the offer, but instead of writing in the amount payable to Weiner, as broker, Hazer simply drew a line through the space where the dollar amount was to be entered. Thus, the clause relating to the broker's compensation read, "I (We) further agree to pay the above named agent [Weiner] the cash commission agreed upon in the amount of $ ---- ." Hazer had drawn a line through the space for the dollar amount of the commission to avoid injecting the issue of commissions into the continuing negotiations between the defendants and the buyer. Again, Hazer assured Weiner orally that a 6-percent commission would be paid at the time of closing.

The sale was eventually closed on May 19, 1981, when Hazer once again promised Weiner that the 6-percent commission would be paid, but would be delayed until the defendants sold some other real estate. After the defendants sold their other land, Hazer failed to pay Weiner's commission as orally promised.

The defendants demurred on the basis that Weiner's petition failed to state a cause of action. Relying on § 36-107, the court sustained the demurrer and dismissed Weiner's petition.

In reviewing an order sustaining a demurrer, the Supreme Court accepts the truth of facts well pled and the factual and

legal inferences which may be reasonably deduced from such facts, but does not accept conclusions of the pleader. *Slusarski v. County of Platte*, 226 Neb. 889, 416 N.W.2d 213 (1987).

Regarding § 36-107, Weiner contends that (1) the statute is inapplicable to a broker's contract for a real estate commission; (2) the instrument, as alleged, satisfies the statute; (3) the defendants are estopped from relying on the statute; and (4) Weiner's performance removed the contract from operation of the statute.

Weiner's first contention relates to *Mid-Continent Properties, Inc. v. Pflug*, 197 Neb. 429, 249 N.W.2d 476 (1977). In *Pflug*, a broker sued the seller of land to recover a commission due after the sale of real estate. The only writing to which the broker could refer, however, did not satisfy the requirements of § 36-107 because it was not "subscribed by . . . the broker or agent." The contract of sale between the buyer and seller contained a clause which required the seller to pay the broker a 5-percent commission for the sale. Despite the absence of the broker's signature on the contract, as required by § 36-107, this court remanded the cause for a new trial, and stated:

> Since plaintiff was a third-party beneficiary, we deem the statute inapplicable. . . . "The object of the statute is, as we have seen, to prevent frauds and perjuries; and, while certain contracts are by the terms thereof declared void, the uniform construction placed upon the statute by the courts renders it not void, but merely unenforceable." [Quoting from *Mohr v. Rickgauer*, 82 Neb. 398, 117 N.W. 950 (1908).] . . .
>
> . . . .
>
> . . . " '[T]he uniform construction placed upon the statute by the courts renders such contracts not void, but merely unenforceable for want of the evidence which the statute requires.' " [Quoting from *Svoboda v. De Wald*, 159 Neb. 594, 68 N.W.2d 178 (1955).]
>
> . . . Clearly and indisputably there was an understanding between the broker and the landowner for the commission sought to be recovered. No reliance on oral testimony is required; the agreement is definitely

established and the object of the statute of frauds complied with.

197 Neb. at 431-32, 249 N.W.2d at 477-78.

Weiner's reliance on *Pflug* is misplaced. Unlike *Pflug*, the contract upon which Weiner relies is silent on a subject crucial to enforcement of the contract, namely, the amount of compensation to be paid. When a material term, such as provision for compensation, is not stated in the contract to be enforced, the purposes underlying § 36-107 would be thwarted if oral testimony is necessary and allowed to establish the missing term, regardless of the theory under which the broker sues. We express no view on the question whether Weiner is a third-party beneficiary inasmuch as Weiner's case is clearly distinguishable from *Mid-Continent Properties, Inc. v. Pflug, supra*. Section 36-107 expressly requires that the commission contract shall "set forth the compensation to be allowed by the owner . . . ." In the absence of a specific dollar amount or percentage of the sale price, or some other formula whereby the amount of commission may be calculated and determined with reasonable certainty, the specified compensation requirement of § 36-107 is unsatisfied. A mere statement that the seller, as owner, will pay "the cash commission agreed upon," without specifying the amount of the commission or means to determine the commission, does not satisfy § 36-107.

Next, Weiner contends that equitable estoppel prevents the defendants' use of § 36-107 to preclude recovery on the commission contract.

As we expressed in *Osmera v. School District of Seward*, 216 Neb. 261, 265-66, 343 N.W.2d 886, 890 (1984):

The doctrine of equitable estoppel is based on grounds of public policy and good faith, and is interposed to prevent injustice and inequitable consequences. *Koop v. City of Omaha*, 173 Neb. 633, 114 N.W.2d 380 (1962).

" '[Equitable estoppel] is interposed to prevent injury, fraud, injustice, and inequitable consequences by denying to a person the right to repudiate his acts, admissions, or representations, when they have been relied on by persons to whom they were directed and whose conduct they were intended to and did influence.' " *City of Grand Island v.*

*Willis*, 142 Neb. 686, 697, 7 N.W.2d 457, 463 (1943) (citing 31 C.J.S. *Estoppel* § 63 (1942)).

. . . .

"The essential elements of equitable estoppel are: As to the party estopped, '* * * (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts.' As to the other party, '* * * (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.' " *Pester v. American Family Mut. Ins. Co.*, 186 Neb. 793, 798-99, 186 N.W.2d 711, 714 (1971). See *County of Scotts Bluff v. Hughes*, 202 Neb. 551, 276 N.W.2d 206 (1979).

Weiner was a licensed real estate broker, charged with knowledge of § 36-107 concerning the necessity of a written contract for a specified real estate commission. Under the circumstances, Weiner could not in good faith rely on an oral contract for payment of a real estate commission to a broker. Consequently, the doctrine of equitable estoppel is inapplicable in the present case.

Finally, Weiner contends that a broker's performance of an oral contract for a real estate commission removes the contract from the statute of frauds.

A contract for payment of a real estate commission is analogous to a contract for the sale of real estate, inasmuch as the same equitable principles govern both contract situations in relation to the statute of frauds. *Latson v. Buck*, 87 Neb. 16, 126 N.W. 760 (1910).

In *Garner v. McCrea*, 147 Neb. 541, 23 N.W.2d 731 (1946), an action for a specific performance of a parol agreement to

convey land, this court stated:

> Equity will grant specific performance of a parol contract to convey real estate to another where the terms of the contract are established by evidence that is clear, convincing, and satisfactory, and where it has been wholly performed by one party and its nonfulfillment would amount to a fraud on that party.

147 Neb. at 547-48, 23 N.W.2d at 734.

Thus, as expressed in *Garner, supra*, equitable enforcement of a contract, otherwise unenforceable on account of a statute of frauds, is available when the contract has been fully performed by one party and nonfulfillment of the contract would amount to a "fraud" on the performing party.

The statute of frauds contained in the Uniform Commercial Code, see Neb. U.C.C. § 2-201(1) (Reissue 1980), was examined in *Farmland Service Coop, Inc. v. Klein*, 196 Neb. 538, 244 N.W.2d 86 (1976), which involved an action brought by the co-op, as buyer, for breach of an oral contract for the sale of corn valued greater than $500. Although there was no written contract, the co-op claimed that the sellers of the corn knew that the co-op would rely on the oral contract and resell the subject corn to third parties. Noting that there was no written confirmation of the contract, which was not within any exceptions specified by the U.C.C., the court concluded:

> It is clear to us that the mere breach or violation of an oral agreement which is specifically covered by the statute of frauds by one of the parties thereto or the mere denial of an agreement or refusal to perform it is not of itself a fraud either in equity or in law for which the court should give relief. The mere pleading of reliance on the contract to his detriment should not be sufficient to permit a party to assert rights and defenses based on a contract barred by the statute of frauds. If he were permitted to do so, the statute of frauds would be rendered meaningless and nugatory. The mere failure to perform an oral contract within the statute where no relation of trust and confidence exists does not constitute fraud authorizing the right to relief.

196 Neb. at 543, 244 N.W.2d at 90.

For disposition of Weiner's case, it is unnecessary to characterize, consider, or discuss the circumstances beyond completed performance of an oral contract, which would supply the additional basis for equitable relief concerning a contract otherwise unenforceable on account of the statute of frauds. Weiner's petition alleges only performance, which by itself is insufficient for the equitable relief sought. See, *Garner v. McCrea, supra*; *Farmland Service Coop, Inc. v. Klein, supra.*

Under the circumstances, Weiner's petition failed to state a cause of action. Therefore, the district court's judgment is affirmed.

AFFIRMED.