FARMLAND SERVICE COOP, INC., A COOPERATIVE CORPORATION, APPELLANT, V. RAYMOND D. KLEIN, ET AL., APPELLEES.
244 N. W. 2d 86

Filed July 14, 1976. No. 40573.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Padley & Dudden and James M. Tyler, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Plaintiff seeks damages for the breach of an oral agreement to sell 90,000 bushels of corn. The District Court sustained a motion for summary judgment on the ground that the plaintiff's action was barred by the statute of frauds. Plaintiff premises this appeal on its theory that fact issues are present which are not determinable at a hearing on a motion for summary judgment. We affirm.

Plaintiff-appellant, Farmland Service Coop, Inc., hereinafter referred to as Coop, alleges that Ross Klein, acting on behalf of the defendants collectively, agreed to sell it 90,000 bushels of corn. The corn was to be No. 2 yellow corn and the sale price was $1.39 per bushel, with delivery during June, July, and August. Coop further alleges defendants knew it would rely on defendants' agreement and immediately enter into resale agreements with others.

The alleged sale agreement was entirely an oral telephone transaction. No written memorandum of any

nature was prepared or signed by the parties. Nor was any letter confirming the transaction sent to the defendants. The evidence does refer to a letter sent to the defendants after the repudiation of the alleged contract. That letter, however, while referred to in a deposition, was never offered or received in evidence. Defendants denied the existence of a contract. In their motion for summary judgment defendants contend that because the agreement alleged by Coop was an oral agreement for the sale of goods for the price of $500 or more, the contract, if one existed, was not enforceable due to the statute of frauds.

Uniform Commercial Code, section 2-201, provides as follows: "(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

"(a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the

seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or

"(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

"(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (section 2-606)."

In support of their motion, defendants offered the depositions of Louis, Ross, and Raymond Klein, all of whom denied committing any grain to the Coop or the existence of any contract with it. Defendants also offered the deposition of Howard Houser, Coop's grain division manager, who testified that he was "relatively sure" that defendants, after obtaining an offer from the Coop, had phoned and accepted an offer of $1.39 per bushel for 90,000 bushels of corn. To show reliance on the sale agreement, Houser also identified exhibit 1, a confirmation of purchase by Far-Mar-Co., Inc., from Farmland Service Coop, Inc., of 102,000 bushels of corn, dated March 31, 1973. This carries a notation "Klein Corn, 90000 Bu." He concedes, however, that this notation was made by Coop sometime after the confirmation form was received by it from Far-Mar-Co.

Coop produced no evidence in opposition to the motion for a summary judgment. The District Court sustained the motion "for the reason that the action is barred by the Statute of frauds and for that reason no issue remains." Coop, which made no showing by affidavit or otherwise in opposition to the motion for summary judgment, now urges that its cause of action is based on promissory estoppel and under that claim defendants' defense of the statute of frauds raises many issues of

fact, which preclude the sustaining of a summary judgment motion. There is no merit to these contentions.

The burden is upon the party moving for a summary judgment to show that no issue of fact exists, and unless he can conclusively do so, the motion must be overruled. Upon a motion for summary judgment, the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. In considering a motion for summary judgment, the court views the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom. See Pfeifer v. Pfeifer (1976), 195 Neb. 369, 238 N. W. 2d 451.

Applying these rules, we are at a loss to see what factual issues Coop believes exist in the record before us. The sale was for much more than $500. It was not in writing. There was no written confirmation of the contract. It was not within any of the exceptions enumerated in section 2-201(3), U.C.C. On the record, the trial court properly sustained the motion for summary judgment.

Coop urges that equity will not allow the statute of frauds to be used as a shield for wrongdoing. In support of this point, it quotes the following from Hecht v. Marsh (1920), 105 Neb. 502, 181 N. W. 135, 17 A. L. R. 1: "In Simonton, Jones & Hatcher v. Liverpool, London & Globe Ins. Co., 51 Ga. 76, the following rule is announced: 'Equity will not allow the statute of frauds to be used as an instrument of fraud, and will decree specific performance or hold the maker of a parol contract estopped from denying it when the other party, by virtue of it, and under and in pursuance of it, has so far acted as that it would be aiding in a fraud to permit the contract to be repudiated. And what equity would do, our courts of law, under proper allegations, will also do.'"

Hecht v. Marsh, *supra,* involved a sale and exchange

of lands. The seller refused to sign the contract unless the buyer put up forfeit money as evidence of good faith. To induce the seller to waive this requirement, the broker orally agreed to waive his commission if the transaction was not completed. When the contract was not performed, the broker sued for his commission. This court held that equity will not allow the statute of frauds to be used as an instrument of fraud. Where a party to a written contract within the statute of frauds induces another to waive some provision upon which he is entitled to insist and thereby change his position to his disadvantage because of that party's inducement, the inducing party will be estopped to claim that such oral modification is invalid because not in writing. This, however, is not the situation in the instant case.

Coop is laboring under a misapprehension. It is clear to us that the mere breach or violation of an oral agreement which is specifically covered by the statute of frauds by one of the parties thereto or the mere denial of an agreement or refusal to perform it is not of itself a fraud either in equity or in law for which the court should give relief. The mere pleading of reliance on the contract to his detriment should not be sufficient to permit a party to assert rights and defenses based on a contract barred by the statute of frauds. If he were permitted to do so, the statute of frauds would be rendered meaningless and nugatory. The mere failure to perform an oral contract within the statute where no relation of trust and confidence exists does not constitute fraud authorizing the right to relief. In Hecht v. Marsh, *supra,* the broker induced the seller to waive specific provisions of a written contract on his oral agreement to waive his fee. To have permitted the broker to have used the statute on his oral inducing agreement would have constituted a fraud on the seller.

The plaintiff's petition is framed on the theory of promissory estoppel, which generally is a promise by one party upon which another relies to his detriment, and

which the promisor should reasonably have foreseen would cause the promisee to so rely. It operates not in regard to a part or presently existing state of facts but rather to a situation which one party promises will be true in the future. Unlike equitable estoppel, it gives rise to a cause of action for damages. In determining whether promissory estoppel establishes a defense to the statute of frauds, as contended by Coop, it is necessary to analyze the doctrine of promissory estoppel.

Section 90 of Restatement, Contracts 2d, Tent. Dr. No. 2 (1965), states the doctrine of promissory estoppel in the following terms: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy for breach may be limited as justice requires."

Traditionally, the promissory estoppel claim has been used to supply the element of consideration where to refuse enforcement of a promise unsupported by a consideration would work an injustice to the party who relied to his detriment on the promise. Calamari & Perillo, The Law of Contracts, §§ 99 to 105 (1970). We do not have such situation here.

We note that section 2-201, U.C.C., contains no promissory estoppel exception to the statute of frauds. The statute of frauds is still operative in this jurisdiction. It applies to the enforcement of oral contracts except as otherwise provided by section 2-201, U.C.C. The position we take is that promissory estoppel usually applies only in cases where there is a promise or representation as to an intended abandonment by the promisor of a legal right which he holds or will hold against the promisee. This was the situation present in the Hecht case. This also is the interpretation which gives full effect to the statute of frauds rather than rendering it nugatory as the interpretation urged by Coop would

do. In reference to this position, we determine section 90 of Restatement, Contracts 2d, Tent. Dr. No. 2 (1965), is limited in scope to informal contracts of a unilateral nature and its purpose in such instances is to dispense with the requirements of consideration to support the promise where it applies.

The motion for summary judgment was properly sustained. The judgment is affirmed.

AFFIRMED.