SCHOTT GRAIN COMPANY, A CORPORATION, APPELLANT, V.
JOHN RASMUSSEN, APPELLEE.

248 N. W. 2d 42

Filed December 22, 1976. No. 40722.

Judy L. Raetz, for appellant.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from an order dismissing an action for the recovery of damages for breach of contract for the sale of 10,000 bushels of winter wheat. The appellant pleaded the alleged contract; the appellee pleaded that the contract was invalid under the statute of frauds of the Uniform Commercial Code. The appellant argues that the promise by appellee to deliver said grain estopped him from claiming that defense.

Taken in the light most favorable to the appellant, the evidence tends to show the following situation: After some preliminary conversations and negotiations, the appellee promised to sell 10,000 bushels of wheat to the appellant by an oral contract which was never reduced to writing nor performed by either party in whole or in part; and in the expectation of future performance by the appellee, the appellant then obligated itself to sell an equivalent amount of wheat to another buyer and suffered damage when appellee disavowed the oral contract. The trial court dismissed the action

for the reason that the evidence showed that the contract was invalid under the statute of frauds and that the evidence was insufficient to establish any estoppel against the application of the statute. The situation thus reflected is identical with that shown in Farmland Service Coop, Inc. v. Klein, 196 Neb. 538, 244 N. W. 2d 86 (1976). The opinion therein was adopted and filed during the pendency of the appeal in this case. It is not necessary to restate or to amplify the reasoning of that opinion. We adhere to it entirely.

Other assignments of error have been made but the consideration thereof becomes unnecessary in view of the foregoing determination.

The motion for dismissal was properly sustained. The judgment of the trial court is affirmed.

AFFIRMED.