MERLIN R. WILKE, APPELLEE, V. HOLDREGE COOPERATIVE EQUITY EXCHANGE, A CORPORATION, APPELLANT.

265 N. W. 2d 672

Filed May 10, 1978.   No. 41523.

Person, Dier & Person, for appellant.

Aten, Noble & Ide, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN,, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Merlin R. Wilke, plaintiff and appellee herein,

filed this action against Holdrege Cooperative Equity Exchange, defendant and appellant herein, to recover a money judgment for 9,072 bushels of corn delivered to the defendant pursuant to a verbal agreement. The defendant entered a general denial, and filed a counterclaim in which it alleged that the plaintiff had contracted to deliver 20,000 bushels of corn to the defendant, but had delivered only 9,072 bushels, and failed and refused to deliver the balance due. The plaintiff denied the allegations of the counterclaim, and asserted as a defense thereto the statute of frauds, section 2-201, U. C. C. The plaintiff moved for summary judgment. After a hearing, the trial court sustained the motion, awarded the plaintiff $13,154.44 for 9,072 bushels of corn which had been delivered by the plaintiff to the defendant, and dismissed the defendant's counterclaim. Defendant has appealed, contending that the trial court erred in so doing. We affirm the judgment of the District Court.

It is well settled that on a motion for summary judgment the trial court is to examine the evidence and pleadings only to discover if any real issue of fact exists, and to decide whether the moving party is entitled to judgment as a matter of law. The court must view the evidence in the light most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences which may reasonably be drawn therefrom. See, § 25-1332, R. R. S. 1943; Janssen v. Hamblet, 197 Neb. 705, 250 N. W. 2d 902 (1977); Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152 (1973). We review this case in accordance with these principles.

The relevant facts, viewed in the light most favorable to the defendant, are as follows. The parties entered into an oral agreement for the sale of 20,000 bushels of corn at a price of $1.45 per bushel. Shortly after the agreement, the defendant, in reliance on

the contract, sold 20,000 bushels on the futures market to protect itself from price fluctuations. The plaintiff delivered 9,072 bushels of corn to the defendant pursuant to the agreement, but further deliveries were refused by the defendant on the ground that the corn offered was damaged. Plaintiff demanded payment for the corn he had delivered, but payment was refused by the defendant on the ground that the plaintiff had not fulfilled his obligations under the oral contract by delivering 20,000 bushels of undamaged corn.

There is no dispute over the fact the plaintiff delivered 9,072 bushels of corn to the defendant and that the parties had orally agreed on a price of $1.45 per bushel. Although the agreement was verbal, an oral contract otherwise unenforceable under the Uniform Commercial Code statute of frauds is enforceable with respect to goods which have been received and accepted. See § 2-201 (3) (c), U. C. C. Therefore the trial court was clearly correct in concluding that the plaintiff was entitled to $13,154.44 for the corn he delivered to the defendant. The dispute in this case is whether the trial court erred in dismissing defendant's counterclaim.

Subsection (1) of section 2-201, U. C. C., provides that a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. The alleged oral contract clearly falls within this provision, which renders it unenforceable unless an exception is found. Defendant sets forth two arguments in support of its contention that the oral contract is not rendered unenforceable under section 2-201, U. C. C.

First, it relies on subsection (3) (b) of section 2-201, U. C. C., which provides that an oral contract is enforceable "if the party against whom enforcement

is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted." Defendant contends that a letter written by plaintiff's attorney to the manager of the defendant in which a compromise was offered and the alleged oral contract was discussed satisfies the requirements of section 2-201 (3) (b), U. C. C. The letter was admitted into evidence at the hearing on the motion for summary judgment over the objection of the plaintiff, who contended that it was inadmissible as a letter of compromise under section 27-408, R. R. S. 1943.

The letter, even assuming, without deciding, that it was properly received in evidence, clearly does not support the defendant's argument. Subsection (3) (b) of section 2-201, U. C. C., applies only to admissions made in "pleading, testimony or otherwise in court," and the letter does not fulfill any of these requirements. At no time did the plaintiff admit in his pleadings, evidence, or otherwise in court that the oral contract called for delivery of more than 9,072 bushels of corn. The contention of the defendant on this point is clearly without merit.

The second argument of the defendant is that the plaintiff should be estopped from denying the existence of the alleged oral contract under the doctrines of equitable or promissory estoppel because the defendant relied on the oral contract to its detriment. Recent decisions of this court resolve this issue in favor of the plaintiff. In Schott Grain Co. v. Rasmussen, 197 Neb. 267, 248 N. W. 2d 42 (1976), and Farmland Service Coop, Inc. v. Klein, 196 Neb. 538, 244 N. W. 2d 86 (1976), we specifically held that the doctrine of promissory estoppel could not be utilized in situations like the one present in this case to defeat the statute of frauds. Language in our decision in Farmland Service Coop, Inc. v. Klein, *supra,* we believe, also indicates that the same rule would apply

to cases involving equitable estoppel. See, also, Del Hayes & Sons, Inc. v. Mitchell, 304 Minn. 275, 230 N. W. 2d 588 (1975); Sacred Heart Farmers Co-Op. Elevator v. Johnson, 305 Minn. 324, 232 N. W. 2d 921 (1975).

We conclude that the alleged oral contract on which the defendant relies is unenforceable under the statute of frauds, and the plaintiff was entitled to judgment as a matter of law. The judgment of the District Court is affirmed.

AFFIRMED.