DEAN AND GLEN JESSEN, DOING BUSINESS AS JESSEN BROTHERS, APPELLANTS, V. ASHLAND RECREATION ASSOCIATION, APPELLEE.

281 N. W. 2d 210

Filed July 10, 1979. No. 42242.

Eskey & Gless, for appellants.

Marvin V. Miller and Claude D. Lutton, for appellee.

Heard before Boslaugh, McCown, Clinton, and White, JJ., and Tesar, District Judge.

McCown, J.

This is an action on an oral contract for the purchase of sod. The defense was the statute of frauds. The District Court granted defendant's motion for summary judgment and plaintiffs have appealed.

In March 1976 plaintiffs and defendant entered into an oral contract for the purchase and sale of sod located on land owned by defendant. Plaintiffs alleged that they agreed to purchase, and defendant agreed to sell, 30 acres of sod at $400 per acre; that $2,000 was to be paid in advance for the first 5 acres of sod; and thereafter plaintiffs were to pay $400 per acre for each additional acre as it was cut. Plaintiffs were also to pay fertilizer costs for the entire acreage. Plaintiffs alleged the sod was to be taken by plaintiffs as it became ready for cutting and that the contract was for an indefinite time. The plaintiffs paid the fertilizer costs and the $2,000 advance, and during the summer of 1976, cut 4½ to 6 acres of sod as it became ready. Plaintiffs allege that because of the dry weather no further sod became ready in 1976, and they made no further payments and cut no more sod. In the spring of 1977 plaintiffs were advised they would have to pay a higher price for sod in 1977. Plaintiffs demanded the balance of the sod at the contract price and defendant refused and advised plaintiffs the contract was terminated. Plaintiffs alleged that because of the refusal plaintiffs were required to purchase sod on the open market and prayed for damages for the excess costs incurred.

Defendant denied the existence of an oral contract

on the terms alleged by the plaintiffs, or of any contract for the total sale of 30 acres of sod, or any contract permitting an unlimited time for removal of sod. Defendant also alleged that the oral contract was in violation of the statute of frauds and void and unenforceable under section 36-202, R. R. S. 1943, and section 2-201, U. C. C.

Plaintiffs' reply alleged that the oral contract was not within the statute of frauds because there was a written memorandum of the agreement contained in a letter written to plaintiffs' counsel, signed by the vice president of the defendant, in 1977. In relevant part the letter states: "Each year we accept bids from a number of sod people in this area to purchase sod from us. We have always sold to just one company each year and each were to cut as much sod as possible, but to have permission to cut for only one year. If they would cut one acre or up to thirty was their decision.

"In our oral agreement with the Jessens in early 1976, we offered the area for $400 per acre, requiring $2000 in advance, until five acres were cut and then $400 per acre on each additional acre in advance of cutting. They were to pay for all fertilizing of this area. They did comply with the above by paying the $2000 plus the fertilizer cost. Now, whether they took $4\frac{1}{2}$ or 6 acres or not, we cannot substantiate. However, it appeared they cut approximately 5 acres. We felt as if we had fulfilled our obligation and they theirs.

"In the past we have left it up to the buyers as to the amount of sod they would cut, but always stressed that we were hopeful they could take 20 to 25 acres. When these buyers purchase from us, they are well aware of the fact that summer heat and drought are normal and may prevent them from cutting. It is to their advantage to take as much sod as early as possible. The Jessens either did not have the demand or were cutting sod elsewhere. We

were disappointed that they did not take more."

An affidavit and admissions and answers to interrogatories established that for several years prior to 1976 the defendant had annually sold the sod located on approximately 20 to 25 acres of its unused land to the highest bidder. The defendant and plaintiffs had had a written agreement for the purchase and sale of sod for the year 1972 and a written agreement for the year 1973 before entering into the oral agreement involved here in 1976. The purchase price of $400 per acre had been the same under the agreements for 1972, 1973, and 1976. Plaintiffs had removed a total of 8 to 25 acres of sod in the 2-year period of the 1972 and 1973 contracts, and had paid a total amount of $8,000 for the 2 years, although they have no records of how much sod was removed in each year.

The District Court determined that the oral contract here was unenforceable under section 2-201, U. C. C., and sustained the defendant's motion for summary judgment, and dismissed plaintiffs' petition.

The sale of growing sod is a sale of goods under the Uniform Commercial Code. See § 2-107, U. C. C.

The relevant portions of section 2-201, U. C. C., provide: "(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing. * * *

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable * * *

"(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

"(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (section 2-606)."

The comment to section 2-201, U. C. C., states with regard to the required writing: "Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be 'signed', a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity."

The comment also states: "The only term which must appear is the quantity term which need not be accurately stated but recovery is limited to the amount stated."

Partial performance of an oral contract will not remove the entire contract from the bar of the statute. The comments to section 2-201, U. C. C., state that " 'Partial performance' as a substitute for the required memorandum can validate the contract only for the goods which have been accepted or for which payment has been made and accepted."

The defendant's letter did not specify any definite quantity of sod except for the 5 acres of sod paid for in advance. Thereafter plaintiffs were to take as little or as much sod as they wanted. The quantity over the minimum was completely indefinite. The defendant did not admit in its pleadings, testimony, or otherwise that the oral contract involved required delivery of more than 5 acres of sod.

The oral contract here was for the sale of goods for the price of $500 or more and was unenforceable under section 2-201, U. C. C., except to the extent of 5 acres of sod which had been sold and delivered and

for which payment had been received and accepted. There is therefore no genuine issue as to any material fact remaining and the defendant was entitled to a summary judgment as a matter of law. See Farmland Service Coop., Inc. v. Klein, 196 Neb. 538, 244 N.W. 2d 86.

The motion for summary judgment was properly sustained. The judgment is affirmed.

AFFIRMED.

TESAR, District Judge, not participating.