of the district court regarding Sebade Brothers' liability for its material breach of the contract, but we reverse the court's award of damages and prejudgment interest, and remand the cause for further proceedings.

Affirmed in part, and in part reversed and
remanded for further proceedings.

Heavican, C.J., and Miller-Lerman, J., not participating.

———————————

Synergy4 Enterprises, Inc., a Nebraska
corporation, et al., appellants, v.
Pinnacle Bank, appellee.

___ N.W.2d ___

Filed February 27, 2015.    No. S-14-176.

1. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.
2. **Statutes: Judgments: Appeal and Error.** The meaning and interpretation of a statute are questions of law. An appellate court independently reviews questions of law decided by a lower court.
3. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
4. **Statutes: Legislature: Intent.** In order for a court to inquire into a statute's legislative history, the statute in question must be open to construction, and a statute is open to construction when its terms require interpretation or may reasonably be considered ambiguous.

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Affirmed.

James S. Mitchell, of Law Offices of James S. Mitchell, P.C., and, on brief, Clifford T. Lee for appellants.

Steven D. Davidson, of Baird Holm, L.L.P., for appellee.

Robert J. Hallstrom, of Brandt, Horan, Hallstrom & Stilmock, for amicus curiae Nebraska Bankers Association, Inc.

Heavican, C.J., Connolly, McCormack, and Cassel, JJ.

Per Curiam.

## NATURE OF CASE

Synergy4 Enterprises, Inc.; Michele K. Quinn; and Darold A. Bauer (collectively Synergy4) brought an action against Pinnacle Bank (Pinnacle) alleging three causes of action in tort: promissory estoppel, negligent misrepresentation, and fraud. Pinnacle asserted Synergy4's claims were barred by the credit agreement statutes of frauds[1] because they constituted an action based on an oral promise to loan money. The district court granted Pinnacle summary judgment on all three claims, determining that the claims were barred by § 45-1,113. We affirm.

## FACTS

Synergy4 is a Nebraska corporation. Quinn and Bauer are the sole shareholders and officers of Synergy4. Pinnacle is a banking corporation that operates in Nebraska and whose business includes providing loans to individuals and businesses. Scott Bradley was president of a Pinnacle branch with whom Quinn had developed a longstanding banking relationship of approximately 20 years. Synergy4 alleged that Quinn and Bradley had a long-established course of dealing and that Quinn and Bradley entered into lending agreements that were often conducted on the basis of an oral lending commitment considered binding by both parties.

In November 2008, Quinn was given the opportunity to purchase a company at which she was the chief financial officer. On November 12, Quinn and Bauer met with Bradley to discuss a loan and line of credit with which Quinn and Bauer would be able to operate the business. Synergy4 alleges that at that meeting, Bradley orally approved Quinn and Bauer's proposal for a line of credit of at least $1 million. The parties also discussed Quinn's upcoming trip to China in the spring of 2009 to purchase inventory and the need for substantial credit advances to make the anticipated purchases.

After the meeting, Pinnacle provided Quinn and Bradley with a commitment letter for a loan of $400,000. Notwithstanding

---

[1] Neb. Rev. Stat. §§ 45-1,112 to 45-1,115 (Reissue 2010).

the commitment letter, it was alleged that Bradley orally assured Quinn and Bradley that Pinnacle would still provide a loan for $1 million. On March 6, 2009, before Quinn went on the purchasing trip to China, Bradley again assured Quinn that she could proceed with the trip and that the $1 million credit line was in place.

After receiving Bradley's oral assurances, Quinn and Bauer incorporated Synergy4 and entered into a 5-year lease on a location and Quinn went to China on a 5-week purchasing trip. During this trip, Quinn committed Synergy4 to approximately $1.6 million in inventory purchases. On May 8, 2009, Bradley advised Synergy4 that Pinnacle would not be lending more than the $400,000 provided for in the commitment letter.

Throughout the summer of 2009, Quinn and Bauer attempted to meet Synergy4's financial commitments in operating their business. In July or August 2009, Pinnacle provided Quinn and Bauer an unsecured personal loan of $50,000 to pay Synergy4's payroll while Quinn and Bauer again attempted to secure additional loans from Pinnacle. On August 13, Bradley informed Synergy4 that Pinnacle would not make any further advances on Synergy4's credit line.

Synergy4 filed this lawsuit against Pinnacle in May 2013 alleging three causes of action: promissory estoppel, negligent misrepresentation, and fraud. Pinnacle moved for summary judgment, alleging that Synergy4's claims were barred by § 45-1,113 of Nebraska's credit agreement statute of frauds because the purported $1 million credit agreement was not in writing. The district court sustained the motion, concluding that the plain language of § 45-1,113 barred Synergy4's claim for promissory estoppel. The court also dismissed Synergy4's claims for negligent misrepresentation and fraud.

## ASSIGNMENTS OF ERROR

Synergy4 asserts that the district court erred in determining that the Nebraska credit agreement statute of frauds bars its claims. It asserts that the credit agreement statute of frauds is coextensive with the general statute of frauds and, therefore, allows claims based on all the common-law exceptions to the statute of frauds.

## STANDARD OF REVIEW

[1,2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.[2] The meaning and interpretation of a statute are questions of law.[3] An appellate court independently reviews questions of law decided by a lower court.[4]

## ANALYSIS

The issue presented is whether §§ 45-1,112 and 45-1,113 bar Synergy4's action based on oral promises and assurances made by Pinnacle or its agents.

[3] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[5]

Section 45-1,113(1) provides:

> A debtor or a creditor may not maintain an action or assert a defense in an action based on a credit agreement unless the credit agreement is in writing, expresses consideration, sets forth the relevant terms and conditions of the credit agreement, and is signed by the creditor and by the debtor.

For purposes of § 45-1,113, "credit agreement" means: "A contract, promise, undertaking, offer, or commitment to loan money or to grant or extend credit."[6]

[4] Synergy4 argues that the statute was not intended to bar common-law exceptions to the general statute of frauds and cites to the statute's legislative history. In order for a court to inquire into a statute's legislative history, the statute in question must be open to construction, and a statute is

---

[2] *Harris v. O'Connor*, 287 Neb. 182, 842 N.W.2d 50 (2014).

[3] *Pinnacle Enters. v. City of Papillion*, 286 Neb. 322, 836 N.W.2d 588 (2013).

[4] *Id*.

[5] *Watkins v. Watkins*, 285 Neb. 693, 829 N.W.2d 643 (2013).

[6] § 45-1,112(1)(a)(i).

open to construction when its terms require interpretation or may reasonably be considered ambiguous.[7] The language of §§ 45-1,112 and 45-1,113 is not ambiguous or unclear. Therefore, we decline to consider any statements made during the committee hearings or floor debates. Instead, we look to the plain language of the statutes to reach our conclusion.

Synergy4 contends that the Nebraska credit agreement statute of frauds is coextensive with Nebraska's general statute of frauds. It argues that because promissory estoppel applies to the state's general statute of frauds, it also applies to unwritten credit agreements. We have stated that a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.[8] Promissory estoppel, therefore, is based on a party's detrimental reliance on another party's promise that would otherwise be an unenforceable contract.[9] In this case, Synergy4 alleges it incurred damages as a result of relying on Bradley's oral promises and assurances that a $1 million line of credit was in place.

However, § 45-1,113 supersedes the common-law theory of promissory estoppel insofar as it applies to unwritten credit agreements or oral promises to loan money or extend credit. The plain language of § 45-1,113 prohibits an action based on a credit agreement unless the credit agreement is in writing. Our review finds no exception or limitation in the statute's language.

This conclusion is supported by the broad language in the definition of credit agreements, which includes any "contract, *promise*, undertaking, offer, or *commitment* to loan money or to grant or extend credit."[10] This precludes recovery for a

---

[7] *Zach v. Eacker*, 271 Neb. 868, 716 N.W.2d 437 (2006).

[8] *Rosnick v. Dinsmore*, 235 Neb. 738, 457 N.W.2d 793 (1990).

[9] See *id*. (stating that promissory estoppel claim has traditionally been used where to refuse promise unsupported by consideration would work injustice to party who relied to his detriment on promise).

[10] § 45-1,112(1)(a)(i) (emphasis supplied).

credit agreement based on the promissory estoppel doctrine, which is wholly dependent on reliance on a promise or assurance. As a result, Synergy4 cannot maintain an action based on the oral promises or commitments of Bradley that Pinnacle would lend or extend credit of $1 million. Synergy4's causes of action are all based upon the unwritten credit agreement.

Our conclusion is supported by *Fortress Systems, L.L.C. v. Bank of West*.[11] In that case, the Eighth Circuit found that a loan officer's oral promise to lend money if the borrower settled its lawsuit with investors did not satisfy § 45-1,113, because the alleged promise was neither in writing nor signed by both parties. The court held, "Nebraska's statute of frauds for credit agreements is broadly written to include any 'contract, *promise*, undertaking, offer, or commitment to loan money or to grant or extend credit.'"[12]

Our own jurisprudence reflects a reluctance to allow promissory estoppel to sustain an action for unwritten contracts. In *Farmland Service Coop, Inc. v. Klein*,[13] a buyer sought to enforce an oral agreement to sell 90,000 bushels of corn at a set price. We determined that the buyer could not sue under the theory of promissory estoppel to enforce the oral agreement barred by the statute of frauds. We held:

> The mere pleading of reliance on the contract to his detriment should not be sufficient to permit a party to assert rights and defenses based on a contract barred by the statute of frauds. If he were permitted to do so, the statute of frauds would be rendered meaningless and nugatory.[14]

In *Rosnick v. Dinsmore*,[15] we reiterated that promissory estoppel could not be used to circumvent the protection provided by the statute of frauds.

---

[11] *Fortress Systems, L.L.C. v. Bank of West*, 559 F.3d 848 (8th Cir. 2009).

[12] *Id.* at 853 (emphasis in original).

[13] *Farmland Service Coop, Inc. v. Klein*, 196 Neb. 538, 244 N.W.2d 86 (1976).

[14] *Id.* at 543, 244 N.W.2d at 90.

[15] *Rosnick v. Dinsmore*, *supra* note 8.

We disagree with Synergy4's assertion that the Legislature, in failing to use the "'complete bar'" language in § 45-1,113, intended it to be coextensive with the general statute of frauds[16] with all the common-law exceptions. However, even assuming arguendo that the language did not explicitly bar such exceptions, it would be illogical for the Legislature to enact a separate statute of frauds for credit agreements if the Legislature had intended that it be coextensive with the general statute of frauds.

We similarly conclude that § 45-1,113 bars Synergy4's claims for negligent misrepresentation. "Regardless of whether the present cause of action is labeled as a breach of contract, misrepresentation, fraud, deceit [or] promissory estoppel, its substance is that of an action upon an agreement by a bank to loan money. Therefore, [the credit agreement statute of frauds] applies."[17]

We find that because Synergy4's claims are based on a credit agreement that was not in writing, they are barred by § 45-1,113.

## CONCLUSION

For the above reasons, we affirm the judgment of the district court.

Affirmed.

Wright, J., participating on briefs.
Stephan and Miller-Lerman, JJ., not participating.

---

[16] Brief for appellants at 10. See Neb. Rev. Stat. § 36-202 (Reissue 2008).

[17] *Ohio Valley Plastics v. Nat. City Bank*, 687 N.E.2d 260, 263-64 (Ind. App. 1997).